RAYMOND JOHNSON, GEORGE CRIBBS, BOBBY MAXWELL, AND FRANCIS MOORE, ET AL., APPELLANTS, V. JOSEPH VITEK, DIRECTOR OF CORRECTIONAL SERVICES, ET AL., APPELLEES.

290 N. W. 2d 190

Filed March 18, 1980. No. 42613.

Thomas A. Wurtz, for appellants.

Paul L. Douglas, Attorney General, and Paul E. Hofmeister, for appellees.

Heard before KRIVOSHA, C. J., BOSLAUGH, MCCOWN, CLINTON, BRODKEY, and WHITE, JJ.

WHITE, J.

This appeal by prisoners at the Nebraska Penal and Correctional Complex involves a single issue: Whether disciplinary proceedings for infractions committed by the appellants were commenced within

8 calendar days after an infraction or the discovery of an infraction as required by section 83-4,121, R. R. S. 1943. The District Court determined that the proceedings were commenced within the required period and denied relief to the inmates. We affirm.

Section 83-4,121, R. R. S. 1943, states: "No disciplinary proceeding shall be commenced more than eight calendar days after the infraction or the discovery of such infraction unless the committed person is unable or unavailable for any reason to participate in a disciplinary proceeding."

There is no due process question involved in this case. While Wolff v. McDonnell, 418 U. S. 539, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974), requires a 24-hour advance written notice of the charges and a written statement of fact finders at the hearing as to the evidence relied on, it does not require, as does the statute, that actions be commenced within an 8-day period.

It was obvious to the trial court, as it is to us, that there are two separate due process requirements in Wolff v. McDonnell, *supra*, the advance notice, and a later hearing with written findings.

In this case, the prisoners on October 21, 1976, were involved in an incident where marijuana was found and a misconduct report was prepared. On October 22, 1976, an investigation was conducted and the Disciplinary Misconduct Reporting Form was forwarded to the hearing officer. On October 28, 1976, the prisoners appeared before the hearing officer who orally informed them of the rule infraction, and after a hearing forwarded the misconduct report to the Adjustment Committee and provided the prisoners with a written notice of the charges.

On November 1, 1976, the prisoners appeared before the Adjustment Committee which, after a hearing, found the prisoners guilty of the infraction and took disciplinary action thereon.

The procedure followed was in accordance with

announced policies and procedures of the Department of Correctional Services.

The preliminary phases of the process, including the proceedings before the hearing officer, are merely investigative and the trigger mechanism which brings Wolff into play is the service of the written notice. This service and the subsequent hearing are part of one continuous disciplinary process, culminating in the written findings of the Adjustment Committee. We are unable to find in section 83-4,121, R. R. S. 1943, a requirement that the process be completed in 8 days, only that it be commenced. Nothing in the legislative history indicates otherwise. The purpose of the act was to effect the due process requirements of Wolff v. McDonnell, *supra*, and to place a limitation on such action. We will not read into a statute a requirement not required by the plain terms of the act, the Constitution, or the legislative history.

AFFIRMED.

HASTINGS, J., not participating.