BILLY BILLUPS, APPELLANT, V. NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES APPEALS BOARD, APPELLEE.

469 N.W.2d 120

Filed May 3, 1991.   No. 90-619.

Billy Billups, pro se.

Don Stenberg, Attorney General, and Terri M. Weeks for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

FAHRNBRUCH, J.

Billy Billups appeals a district court's affirmance of a decision rendered in a prison disciplinary proceeding that Billups violated a Nebraska Department of Correctional Services rule prohibiting drug or intoxicant abuse. We affirm the decision of the district court for Lancaster County.

Billups' four assignments of error merge to allege only that the trial court erred in failing to find that Billups' due process rights were violated because a disciplinary misconduct report was not prepared and submitted within 72 hours of the discovery of Billups' infraction and that Nebraska State Penitentiary disciplinary proceedings were not commenced within 8 days of the discovery of the infraction.

On December 5, 1988, three inmate confidential informants were independently interviewed by custody personnel at the Nebraska State Penitentiary. All three informants provided internally consistent information regarding drug trafficking at the penitentiary by then Correctional Officer David Canada. Billy Billups was named by Canada as an inmate to whom Canada had brought marijuana. Canada made that statement on December 13 to Lynn Wright, a captain at the Nebraska State Penitentiary in Lincoln.

Thereafter, the matter was referred to the Nebraska State

Patrol for criminal investigation. On December 15, 1988, Canada told a State Patrol investigator that he had made two deliveries of marijuana to Billups, for the larger of which he had received $200 in late 1987 or early 1988. The State Patrol completed its investigation on December 19. Major Naylor, a correctional officer, on December 21, 1988, wrote a misconduct report regarding the charges. A principal hearing, which is described in 68 Neb. Admin. Code, ch. 6, § 006.04 (1987), was held on December 22, 1988, regarding the alleged marijuana trafficking. As provided in § 006.04, an investigating officer meets with an accused inmate and provides the inmate with written notice of the allegations, an opportunity to request representation and/or witnesses at a disciplinary hearing, and an opportunity to request assistance in the investigation to enable the inmate to muster evidence in the inmate's defense.

On January 3, 1989, a disciplinary committee of the penal complex heard evidence regarding the misconduct report prepared by Major Naylor. The disciplinary committee concluded that inmate Billups had violated 68 Neb. Admin. Code, ch. 5, § 005I[H] (1978), which proscribes the use of or trafficking in drugs, narcotics, or medication not prescribed by facility personnel or of intoxicants. As a sanction, the committee imposed 90 days' loss of good time and 60 days' disciplinary segregation.

On January 30, 1989, the disciplinary committee's decision was upheld by the Department of Correctional Services Appeals Board. Billups filed a petition in error and a certified transcript of the appeals board's decision in the district court for Lancaster County on March 1, 1989. The district court affirmed the decision of the appeals board.

Before we address Billups' assignment of error, some observations regarding the posture of this case are in order. As stated, judicial review was obtained in the district court by the filing of a petition in error. Although Neb. Rev. Stat. § 84-919 (Cum. Supp. 1990) reads, "Except as otherwise provided by law, the Administrative Procedure Act establishes the exclusive means of judicial review of a final decision of an agency in a contested case," the Legislature provided that this language would not become operative until July 1, 1989. See 1988 Neb.

Laws, L.B. 352, § 188. Thus, we need not reach the question of whether the Administrative Procedure Act is now the sole avenue for judicial review of a prison appeals board's decision. See *Reed v. Parratt*, 207 Neb. 796, 301 N.W.2d 343 (1981) (review in prison disciplinary proceedings may not be brought under the Administrative Procedure Act). At the time Billups filed his petition in error, § 84-919 (Reissue 1987) provided that the Administrative Procedure Act was cumulative to existing laws. Billups followed the proper procedure by filing a petition in error, see *Moore v. Black*, 220 Neb. 122, 368 N.W.2d 488 (1985), and this appeal is governed by the rules regarding error proceedings.

Despite Billups' concerns, he timely filed his petition in error in the district court. With some exceptions which need not be addressed here, a petition in error must be filed within 30 days after the rendition of the judgment or making of the final order of which complaint is made. Neb. Rev. Stat. § 25-1931 (Reissue 1989). The appeals board rendered its decision on January 30, 1989, and Billups filed his petition in the district court on March 1, 1989, the 30th day. See Neb. Rev. Stat. § 25-2221 (Reissue 1989) (in computing time, the day of the order is excluded, as well as the last day if it falls on a weekend or designated holiday).

We now turn to the merits of this appeal. It is Billups' contention that his infraction was discovered on or before December 13. He claims that because his misconduct report was not submitted and his principal hearing was not held in the time prescribed by law, his due process rights have been violated. As recalled, the misconduct report was submitted on December 21, and on December 22, the principal hearing was held.

"A written report of any infraction shall be filed with the warden within seventy-two hours of the occurrence of such infraction or the discovery of it." Neb. Rev. Stat. § 83-4,120 (Reissue 1987). The Department of Correctional Services' rules and regulations which were admitted into evidence also provide that if an employee has a reasonable belief that an infraction has been committed by an inmate, the employee is required to make a misconduct report within 72 hours of the discovery of

the infraction. See 68 Neb. Admin. Code, ch. 6, § 006.01 (1987). "No disciplinary proceeding shall be commenced more than eight calendar days after the infraction or the discovery of such infraction unless the committed person is unable or unavailable for any reason to participate in a disciplinary proceeding." Neb. Rev. Stat. § 83-4,121 (Reissue 1987). The disciplinary process contemplated by § 83-4,121 is commenced when written notice of the infraction is served on an inmate. *Johnson v. Vitek*, 205 Neb. 745, 290 N.W.2d 190 (1980). In this case, that date would be December 22, when the principal hearing was held.

" 'Due process claims are generally subjected to a two-part analysis: (1) is the asserted interest protected by the due process clause; and (2) if so, what process is due.' [Citation omitted.]" *Sanders v. Woodruff*, 908 F.2d 310, 312 (8th Cir. 1990), *cert. denied* ____ U.S. ____, 111 S. Ct. 525, 112 L. Ed. 2d 536. In answering the first question, we assume, but do not decide, that under the statutes and regulations, discipline of a prisoner implicates a constitutionally protected liberty interest. See *Olim v. Wakinekona*, 461 U.S. 238, 103 S. Ct. 1741, 75 L. Ed. 2d 813 (1983) (a state creates a protected liberty interest by placing substantive limitations on official discretion). See, also, *Sanders, supra.*

For the purpose of decision in this case, we assume, without deciding, that there was no compliance with the time requirements in respect to Billups' misconduct report and principal hearing. The question thus becomes whether such a delay denies a prisoner that process which is due him or her. That issue presents a question of law for this court. The determination of whether the procedures afforded an individual comport with constitutional requirements for procedural due process presents a question of law. See *Jordan v. Ben. Rev. Bd. of U.S. Dept. of Labor*, 876 F.2d 1455 (11th Cir. 1989). See, also, *State v. Crowdell*, 234 Neb. 469, 451 N.W.2d 695 (1990) (matter of constitutionality presents a question of law). This court is obligated to reach its conclusions on questions of law independent of those reached by the trial court. See *In re Application A-16642*, 236 Neb. 671, 463 N.W.2d 591 (1990).

This court has never before decided the specific question before us. However, we have held in other contexts that a failure to perform an act within a time period prescribed by law is not a per se violation of due process. See, e.g., *Hroch v. City of Omaha*, 226 Neb. 589, 413 N.W.2d 287 (1987) (since the petitioner was not prejudiced, a failure to give notice of a hearing did not violate procedural due process).

Other courts have resolved the instant question under nearly identical facts. In *U.S. v. Warden, Stateville Correctional Ctr.*, 635 F.2d 656 (7th Cir. 1980), *cert. denied* 454 U.S. 843, 102 S. Ct. 156, 70 L. Ed. 2d 128 (1981), the petitioner prisoner, on October 17, 1978, received an "Institutional Disciplinary Report" which charged that on August 23 of that year, he interfered with a food cart, attempted to upset it, and attempted to steal food from the cart. A hearing on those charges was held on October 19, after which the petitioner prisoner lost 6 months' good time credit. He alleged that the correctional facility's failure to comply with the statutory requirements that written notice of the disciplinary violation be filed within 72 hours of its occurrence and that the disciplinary proceedings be commenced within 8 days violated his due process rights. The court held that the petitioner prisoner's due process rights were not violated because he did not allege that he suffered any harm from the delay. That is, the 2-month delay did not interfere with his right to marshal the facts and present a defense.

At issue in *Jensen v. Satran*, 332 N.W.2d 222 (N.D. 1983), was a penitentiary rule which required that disciplinary hearings be held as quickly as possible after an inmate was charged and that generally this period was not to exceed 72 hours. The penal inmate was charged with a rule violation occurring at approximately 9 p.m. on November 23, 1981. His hearing was held less than 24 hours in excess of the 72-hour period after he was charged. Under the second step of due process analysis, the court held that the inmate's due process rights were not violated by the delay because the inmate did not claim that he was prejudiced in any way by the delay, nor was there any indication of possible prejudice in the record. We hold that a penal inmate's due process rights have not been violated

when he or she has not been prejudiced by a delay in performing an act regarding prison disciplinary proceedings within the time prescribed by law.

Under the foregoing principles, Billups was not prejudiced by the delay in the submission of the misconduct report and commencement of the disciplinary proceedings. The record reflects that the earliest date on which a finder of fact could determine that correctional personnel discovered that Billups was involved in the drug use was December 13. Although there is a reference in the record to discovery on December 5 of drug trafficking occurring at the prison, there is no evidence in the record that corrections personnel were aware of Billups' involvement on that date. If we assume discovery on December 13, the misconduct report was submitted 5 days in excess of the statutory prescription, and disciplinary proceedings were commenced within 1 day of the time provided for in § 83-4,121. It is neither alleged by Billups nor reflected in the record how Billups was prejudiced by this de minimis delay. We hold that the proceedings provided Billups complied with constitutional procedural due process requirements.

The judgment of the district court for Lancaster County is affirmed.

AFFIRMED.