## STATE *vs.* ANTHONY J. AMARAL.

### MARCH 18, 1926.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1) Exceptions. Form.*

The statutory requirement that a bill of exceptions shall state separately and clearly the exceptions relied upon is met by a formal enumeration of the exceptions, showing by an exact reference to the place in the transscript where the ruling appears and also the place where the exception is noted. Such statement is concerned only with the fact that the exception was taken, and not at all with its validity, scope or effect.

*(2) Exceptions. Form.*

A statement of an exception, which seeks the approval of the trial court of appellant's claim as to the scope and effect of the exception beyond what appears upon the face of the record, cannot properly be submitted to that court upon presentation of the bill of exceptions but is a claim to be urged upon hearing on the merits of the bill, and the lower court properly allowed the exception solely as it appeared in the transcript.

*(3) Exceptions. Form.*

Exceptions to an answer of a witness and to the method of counsel in examination of a witness were properly disallowed, where no request was made to the trial court for a ruling or direction regarding the matter in question.

*(4) Exceptions.*

It was error of the trial court to refuse to allow an exception on the ground that later in the case the party was permitted to ask questions of similar purport of the witness, for by so doing the lower court was attempting to pass upon the validity of the exception rather than its truth.

*(5) Exceptions. Examination by Court.*

While it is proper for the trial court to interrogate a witness he should do so with caution and his examination is governed by the same rules as those which govern counsel and his questions are equally open to exception.

*(6) Exceptions. Examination by the Court.*

Objections and exceptions to questions by the court of a witness must be taken as soon as the question is asked and before it is answered and if the answer is not responsive or is improper, motion should be made that it be stricken out, and a general exception will not be permitted to be taken after the examination has been concluded by the court.

INDICTMENT. Heard on respondent's motion to establish truth of exceptions.

SWEETLAND, C. J.　The case is before us upon the respondent's motion to establish the truth of exceptions alleged to have been taken by him at the trial of the above entitled indictment before a justice of the Superior Court sitting with a jury.

The respondent duly filed his bill of exceptions in the Superior Court. Some of the exceptions stated in the bill were allowed, two were disallowed and a number were altered by the justice.

A determination of the motion involves a consideration of proper practice in the statement of exceptions in accordance with the statute and the decisions of this court, and the relative duties of a justice of the Superior Court in passing upon the truth of exceptions stated in a bill, and of this court in passing upon their validity. In a number of reported and unreported cases we have declared that the statutory requirement that a bill of exceptions shall state separately and clearly the exceptions relied upon is met by a formal enumeration of the exceptions; that an exception to a ruling made in the course of a trial and appearing in the transcript is best stated by an exact reference to the place in the transcript where the ruling appears and also the place where the exception is noted; and that such statement is concerned only with the truth of the exception, *i. e.*, the fact that it was duly taken and not at all with the claim of the party excepting as to the validity of the exception or as to its scope and effect. Such claims should not be made a part of the bill and are not for the consideration of a justice of the Superior Court when the bill is presented to him for allowance, but are matters to be urged to this court at a hearing upon the merits of the exception. *Blake* v. *Atlantic National Bank*, 33 R. I. 109; *Dunn Worsted Mills* v. *Allendale Mills*, 33 R. I. 115; *Beaule* v. *Acme Finishing Company*, 36 R. I. 74, at 76; *Nichols* v. *Mason & Co.*, 44 R. I. 43; *Bannon* v. *Bannon*, 44 R. I. 468; *Fainardi* v. *Pausata*, 45 R. I. 462.

The respondent's bill of exceptions, as presented to the justice for allowance, offended in many particulars against the rules of practice referred to above. We would recommend to counsel that in the future for their own convenience and for the convenience of the justice to whom a bill of exceptions is presented for allowance, they will adopt the simple method of stating exceptions which has been suggested in the opinions cited above.

We will consider as established as true the exceptions allowed by the justice in the form in which they were presented to him, although in some instances their statement is not in accord with the practice recommended by this court.

The statements of exceptions 35 and 104 were altered to correct clerical mistakes occurring therein. These mistakes relate to the numbers of the questions appearing on certain pages of the transcript. Exception 35 as allowed by the justice still contains a clerical mistake. The exception is noted on page 627 of the transcript and not on page 527. As thus corrected the allowance of these exceptions is approved.

The justice altered the statements of exceptions 24, 25, 61 and 73 in the bill. Each of these statements presents the same question. In each case on the face of the transcript it appears that an exception was noted to a ruling of the justice permitting the introduction of certain testimony. In his bill of exceptions the respondent claims in each case that the scope of the exception noted in the transcript, covered objections to the admission of other testimony to which exception was not specifically noted, and that the effect of the exceptions was to permit the review by this court of the admission of that other testimony. While such statement of an exception does not call upon the Superior Court justice to pass upon the validity of the exception it does seek an allowance of more than its truth as we have defined the word "truth" in this connection, i. e., the fact that the exception claimed was actually taken. It seeks to have an approval by the justice of the Superior

Court of a party's claim as to the scope and effect of an exception beyond what appears upon the face of the record. In our opinion that is a question which is not to be submitted to such justice upon the presentation of a bill for allowance, but is a claim which can only be urged before us at a hearing upon the merits of an exception. We approve the action of the justice in allowing the exceptions in question solely as they appear in the transcript.

The statement of exception 41 was altered. The statement as set out in the bill is confusing and not in accordance with the record. The justice properly restricted the statement to the exception to his ruling refusing to strike out the witness' answer to a certain question, as the ruling and exception appear in the transcript.

The justice altered the statement of exception 81. The statement is involved and confusing. It violates the statutory requirement that exceptions should be stated separately and clearly. The transcript discloses that the exception upon which the respondent bases the statement in the bill was noted to the refusal of the justice to give a certain direction to the Attorney General concerning his examination of the witness Vincent F. Cosmo. If the respondent claims that this exception should be given a wider scope he may urge that claim before us at a hearing on the merits of the exception.

The exceptions 42, 59 and 67 should not be allowed. They are each governed by the same principle. Exceptions properly to be stated in a bill are solely those taken to rulings, directions and decisions of the Superior Court. Secs. 8 and 9, Chapter 348, General Laws 1923. Exceptions 42 and 59 were each based on the respondent's request that an exception be noted to a certain answer of a witness. Exception 67 was based on the respondent's request to have an exception noted to the method of the Attorney General in the examination of a witness. In neither instance was a request made to the justice for a ruling or direction regarding the matter in question. It is only to such a ruling or

direction that an exception could properly have been taken and noted on the record, or stated in the bill.

The justice altered the statement of exception 96 as it appears in the bill, and allowed it as an exception to question 501 on page 1763 of the transcript. An examination of the transcript discloses that question 501 was a question propounded by the respondent to his own witness, Jordan, to which question the respondent had no reason to object and did not except. It is clear that the exception was, as the respondent has stated, to the ruling of the justice refusing (4) to permit further examination of the witness Jordan as to movements of the respondent on a certain day. The justice also bases his refusal to allow the exception as stated by the respondent on the ground that later in the case the respondent was permitted to ask of the witness questions of similar purport. In this ground of refusal the justice was attempting to pass upon the possible prejudicial effect of the ruling, and to determine the validity of the exception rather than its truth. The exception as stated in the bill should be allowed.

The justice altered the statement of exception 64 and disallowed exception 107. The same question is presented in each and we will consider the two statements together.

Exception 67 was taken and noted at the conclusion of an extended interrogation of a witness by the justice himself. The record of the examination extends over fifteen pages of the transcript. The respondent in his bill states the exception as one taken to the examination of the justice.

Exception 107 was taken after the justice had interrogated another witness at some length. According to the transcript the exception does not relate to any particular question asked by the justice but to all of the examination of the witness by the justice up to the time the exception was noted. That is also the effect of the respondent's statement of this exception in his bill.

In the furtherance of justice it is sometimes proper and commendable for a judge presiding in a jury trial to inter-

rogate a witness as to relevant matters proper to be presented to the jury. He should do this, however, with caution. In such examination he should guard against even the appearance of changing his position from that of a judicial officer impartially presiding at the trial to that of a partisan advocate interested in establishing the position of either party. He should not be led to express by language, or the tones of his voice, or in any other manner his opinion as to the credibility of the witness or the weight which should be given to his testimony. His examination is to be governed by the same rules as those which govern counsel and his questions are equally open to exception.

If an examination of a witness by the justice appears to counsel of either party to be improper and prejudicial to the rights of his client, such counsel is placed in an embarrassing position. On the one hand he must determine whether he will risk a possible loss of the jury's favor by objection and exception, thus perhaps appearing to desire to keep facts from the knowledge of the jury, which the judge from his impartial position in the case seems to regard as important and admissible; and, on the other hand, by remaining silent, and thus acquiescing in the examination, he may lose his right, upon review, to object to the introduction of evidence which he regards as improper and prejudicial to his client.

When, however, it appears to counsel that his duty to his client requires him to object and except to a question of the justice presiding, he should do so respectfully but without hesitation or apology, and the fair-minded judge, though he may regard the objection as unsound, will receive it and will note an exception taken to a question propounded by him with the same attention and the same judicial courtesy that he would give to objections and exceptions taken by counsel of one party to the questions of the other.

To the questions of a judge the same rules apply as to the time and method of making objections and taking exceptions as govern the objections and exceptions of counsel to

the questions of his adversary. Objections and exceptions to questions must be taken as soon as the question is asked and before it is answered, and if the answer to a question is not responsive or is in any way improper motion should be made that it be stricken out.

If objection is to be made to his questions the justice is entitled to have the benefit of such objection and the reasons therefore before he proceeds further with an examination, which he may recognize as improper and prejudicial when such impropriety is brought to this attention. We will not permit a general exception taken after an examination, such as the ones in question, which will enable a party to press before us any claim of error which upon later careful consideration of the record the party may desire to urge with reference to any portion of an extended examination of a witness by a justice of the Superior Court. The exceptions 64 and 107 are disallowed.

The respondent may submit to us on March 22, 1926, a statement of his exceptions drawn in conformity with this opinion, stating therein, in order, all exceptions allowed by us, including such as have been allowed by the justice and approved by us.

*Charles P. Sisson,* Attorney General, *George Hurley,* of counsel, for State.

*Walter I. Sundlun, William G. Troy,* for defendant.