STATE

v.

Raymond S. DeBARROS and David Cochrane.

No. 80–415–C.A.

Supreme Court of Rhode Island.

Feb. 18, 1982.

Reargument Denied March 25, 1982.

Dennis J. Roberts II, Atty. Gen., Maureen McKenna Goldberg, Asst. Atty. Gen., for plaintiff.

Richard M. Casparian, Deputy Public Defender, Barbara Hurst, Asst. Public Defender, Providence, for Raymond S. DeBarros.

Paul J. DiMaio, Providence, for David Cochrane.

## OPINION

WEISBERGER, Justice.

Raymond S. DeBarros was convicted of assault and David R. Cochrane was convicted of assault with a dangerous weapon after a trial in the Superior Court wherein both defendants were charged with assault with intent to murder. The trial in the Superior Court involved five codefendants who were accused of severely beating and stabbing Charles Walason on November 6, 1978, at the Adult Correctional Institutions, maximum security building, where all defendants and the victim were inmates. The appeals of DeBarros and Cochrane only are currently before us. The facts of the case are as follows.

A controversy had arisen between Walason and Cochrane over an accusation by Cochrane's wife that Walason's wife had stolen some Christmas toys intended for the Cochrane children. This dispute led to a confrontation on November 6 which resulted in the alleged assault that took place in the prison yard sometime between 12:30 and 1 p.m. In the course of the trial the issue of identification of the codefendants was repeatedly raised. A crucial witness in respect to the identification of the defendants was the victim. All defendants were convicted of lesser included offenses except Thomas Refino who was acquitted. The

defendants DeBarros and Cochrane have appealed their convictions. We reverse.

Although a number of issues were raised in support of the appeal, we believe that a single issue is dispositive, and therefore we need not reach the other issues raised. In our opinion the dispositive issue arises out of a ruling by the trial justice completely precluding cross-examination in respect to the intention of Walason to sue the State of Rhode Island for injuries arising out of the attack by the defendants. In an attempt to show bias on the part of this key prosecution witness, trial counsel for defendant Cochrane asked a question which led to the colloquy with the court set forth below.

"Q. Now Mr. Walason, is it not a fair statement that it has been your intention and is your intention to sue the State of Rhode Island for this injury?

"Ms. McKENNA: Objection.

"THE COURT: Sustained.

"Mr. DiMAIO: Please note my exception.

"THE COURT: Yes, and the jury will disregard the question of counsel. Questions of counsel are not evidence, can not be considered by the jury as evidence or even suggesting evidence. Go ahead.

"Mr. DiMAIO: Your Honor, I would like to make an offer of proof for the record.

"THE COURT: Offer of proof?

"MR. DiMAIO: Yes.

"THE COURT: All right, go to the sidebar.

"(The following took place at the sidebar out of the hearing of the jury)

"MR. DiMAIO: The defendant would have produced, had the answer been no, would have produced information that that is his intention. So that to allow the jury to weigh the interest in this particular matter of this witness.

"THE COURT: All right."

The court rejected the offer of proof and counsel for all defendants joined in the objection to the preclusion of cross-examination on this issue.

The state argues that the defendants' offer of proof was inadequate in that it lacked the necessary specificity to enable the trial justice to determine its materiality, relevance, and competence. The state further argues that the scope of cross-examination is within the discretion of the trial justice and that the limitation thereof will be reviewed only for abuse of such discretion. *See State v. Sprague*, 113 R.I. 351, 364, 322 A.2d 36, 43 (1974); *State v. Carraturo*, 112 R.I. 179, 189, 308 A.2d 828, 833 (1973).

However, the state misconceives the fundamental right to cross-examine guaranteed by the Sixth Amendment to the Constitution of the United States and art. I, sec. 10, of the Rhode Island Constitution as well as the manner in which the right may be invoked. In *Alford v. United States*, 282 U.S. 687, 691–92, 51 S.Ct. 218, 219, 75 L.Ed. 624, 627–28 (1931), the Court observed:

"Cross-examination of a witness is a matter of right. *The Ottawa*, 3 Wall. 268, 271 [18 L.Ed. 165] Its permissible purposes, among others, are that the witness may be identified with his community * * * and that facts may be brought out tending to discredit the witness by showing that his testimony in chief was untrue or biased.

"Counsel often cannot know in advance what pertinent facts may be elicited on cross-examination. For that reason it is necessarily exploratory; and the rule that the examiner must indicate the purpose of his inquiry does not, in general, apply. It is the essence of a fair trial that reasonable latitude be given the cross-examiner, even though he is unable to state to the court what facts a reasonable cross-examination might develop." [Citations omitted.]

We too have pointed out in *Calci v. Brown*, 95 R.I. 216, 220, 186 A.2d 234, 236 (1962) that a trial court may not properly require offers of proof with respect to inquiries made during cross-examination except in unusual and peculiar circumstances. Certainly, the so-called offer of proof in this case was adequate to indicate to the court that the subject matter was germane to the issue of bias. *See McCormick's Handbook of the Law of Evidence* § 51 at 110–11 n.9

(2d ed. Cleary 1972). "The partiality of a witness is subject to exploration at trial, and is 'always relevant as discrediting the witness and affecting the weight of his testimony.'" *Davis v. Alaska*, 415 U.S. 308, 316, 94 S.Ct. 1105, 1110, 39 L.Ed.2d 347, 354 (1974) (quoting 3A Wigmore, *Evidence* § 940 at 775 (Chadbourn rev. 1970)).

 In respect to the limitation of the scope of cross-examination, we have recognized that the "Sixth Amendment right of confrontation guarantees an accused the right to an effective cross-examination in all criminal matters. It is the principal means by which the credibility of the witness and the truthfulness of his testimony can be tested." *State v. Anthony*, R.I., 422 A.2d 921, 923–24 (1980). This principle has been firmly established in *Davis v. Alaska, supra.* Such a right may not be given or withheld at the discretion of the trial justice. "[The] discretionary authority to limit cross-examination comes into play [only] after there has been permitted as a matter of right sufficient cross-examination to satisfy the Sixth Amendment." *Springer v. United States*, 388 A.2d 846, 855 (D.C.App.1978) (quoting *United States v. Bass*, 490 F.2d 846, 857–58 n.12 (5th Cir. 1974)). Consequently, the state's contention that there was a discretionary right completely to exclude cross-examination on this element of bias must fail. *See Hyman v. United States*, 342 A.2d 43, 44 (D.C.App.1975). The court in *Springer v. United States, supra*, recognized a rule of per se error in situations in which the record reflects a prohibition of a requested line of bias cross-examination *in limine* so that the jury is unable to perform its factfinding function properly. The court went on to suggest that if the trial court has permitted some cross-examination so that the jury has sufficient information from which to infer bias, error would be evaluated by application of the harmless-constitutional-error test of *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). This test was stated as applicable to cross-examination as follows:

"To hold harmless such error in curtailing constitutionally-protected cross-examination, it must be clear beyond a reasonable doubt '(1) that the defendant would have been convicted without the witness' testimony, or (2) that the restricted line of inquiry would not have weakened the impact of the witness' testimony.'" *Springer v. United States*, 388 A.2d at 856.

In the case at bar where cross-examination on this element of bias has been totally precluded, we believe that the per se error standard enunciated in *Davis v. Alaska* should be applied:

"We cannot speculate as to whether the jury, as sole judge of the credibility of a witness, would have accepted this line of reasoning had counsel been permitted to fully present it. But we do conclude that the jurors were entitled to have the benefit of the defense theory before them so that they could make an informed judgment as to the weight to place on Green's testimony which provided 'a crucial link in the proof * * * of petitioner's act.' *Douglas v. Alabama*, 380 U.S. [415] at 419 [85 S.Ct. 1074, 1077, 13 L.Ed.2d 934]" *Davis v. Alaska*, 415 U.S. at 317, 94 S.Ct. at 1111, 39 L.Ed.2d at 354.

 In the instant case defense counsel was not permitted to raise this issue of possible bias and was cut off at the threshold of inquiry. Consequently, we too cannot speculate or guess about the impact upon the jurors of the presentation of this theory of bias. Even if we consider the test for harmless error, and it is extremely doubtful that the standard of *Davis v. Alaska* would allow us to apply such a standard, it could not be said either that defendant would have been convicted without the witness's testimony (which was crucial in this instance) or that the restricted line of inquiry would not have weakened the impact of the witness's testimony.

Therefore, whether we follow the per se rule of prejudicial error or the harmless-error test, it is inevitable that we find that an error of constitutional magnitude has been committed on this record.

553

For the reasons stated, the defendants' appeals are sustained, the judgments of conviction are vacated, and the case is remanded to the Superior Court for a new trial.