STATE

v.

Robert A. EVANS.

No. 92–219–C.A.

Supreme Court of Rhode Island.

Jan. 14, 1993.

James E. O'Neil, Atty. Gen., James Caruolo, Sp. Asst. Atty. Gen., Jeffrey Greer, Asst. Atty. Gen., for plaintiff.

Richard Casparian, Public Defender, Paula Rosin, Barbara Hurst, Asst. Public Defenders, for defendant.

## OPINION

PER CURIAM.

This case came before the court on December 8, 1992, pursuant to an order directed to both the defendant and the state to appear and show cause why the defendant's appeal from a conviction of assault with intent to murder should not be summarily decided. After considering the arguments and memoranda of counsel, we are of the opinion that cause has been shown and we sustain the appeal.

This matter arose out of an altercation between defendant, Robert A. Evans, and the victim, William Musco. Although both men parted ways for a few moments, there was a later confrontation between the two, at which time defendant admittedly fired a gun at the victim in an effort to scare him off. On cross-examination defendant testified that he was afraid that if he shot too low, the bullet would hit the concrete sidewalk and ricochet. After further cross-examination and over defendant's objection, the trial justice questioned defendant about his prior experience with guns. The defendant responded that he had shot a .25–caliber automatic "a couple of times" before. Shortly thereafter, defendant made a motion to pass.

The trial justice denied defendant's motion to pass. However, the trial justice offered a cautionary instruction to the jury upon defendant's request. In her instruction the trial justice warned that,

"there are many legitimate circumstances under which a person is permitted to fire a weapon. The fact that he has done that is in no way to be recorded by you as evidence that he's guilty, obviously, of this crime. That question had nothing to do with his guilt or innocence of this particular offense."

■ This court has recognized that it is within the ambit of a trial justice's discretion to question a witness when he or she deems it necessary and proper to do so. *See State v. Giordano,* 440 A.2d 742, 745 (R.I.1982); *State v. Amaral,* 47 R.I. 245, 249–50, 132 A. 547, 549 (1926). When a trial justice chooses to engage in questioning a witness, he or she should do so only if his or her question or questions will elicit the truth and will clarify matters that may be otherwise confusing in the minds of the jurors. *Giordano,* 440 A.2d at 745. We believe that in the case at bar the trial justice posed a question to defendant that did not serve to clarify any confusing matter and that, therefore, she improperly questioned defendant about his past experiences with firearms.

■ We are also of the opinion that the trial justice's cautionary instruction was an unsuccessful curative measure. Our review of the record leads us to believe that the tenor of the trial justice's questioning contained prejudicial influences. As such, we believe that the trial justice's questioning therefore impinged on the province of the jury as a factfinding body in assessing the defendant's culpability.

Accordingly the defendant's appeal is sustained. The judgment of conviction appealed from is reversed, and the case is remanded to the Superior Court for a new trial.