**STATE**

v.

**John WARNER.**

**No. 92–397–C.A.**

Supreme Court of Rhode Island.

June 15, 1993.

Jeffrey Pine, Atty. Gen., Andrew Berg, Sp. Asst. Atty. Gen., Aaron Weisman, Asst. Atty. Gen., for plaintiff.

Richard Casparian, Public Defender, Barbara Hurst, Asst. Public Defender, for defendant.

## OPINION

WEISBERGER, Justice.

This case comes before us upon the defendant's appeal from a judgment of con-

viction of the crime of kidnapping in violation of G.L.1956 (1981 Reenactment) § 11–26–1. The defendant was charged with first-degree sexual assault, kidnapping, and several counts of assault with a dangerous weapon. The jury found him not guilty on all charges save that of kidnapping. We affirm the conviction.

The facts of the case insofar as pertinent to this appeal are as follows. The victim in this case, to whom we shall refer as Alice,[1] was employed in the city of Newport during the summer of 1986. She worked as a hostess during the day and as a singer during the evening.

On August 27 Alice finished her work at 11 p.m. and went to another club where she danced until closing time at 1 a.m. She left the last establishment with a man of her acquaintance named Jay Neves, who had volunteered to walk home with her. On the way they encountered defendant, John Warner, who was then working on the restoration of a yacht at the William and Manchester Shipyard.

Jay suggested that they visit the yacht, and Warner agreed to take them aboard. They visited the yacht and talked for nearly two hours. At that point Jay and Alice, along with Warner, went to the main deck in preparation for departure. Alice testified that she decided to return to the cabin in order to retrieve a package of cigarettes. At that point defendant's testimony and Alice's testimony diverge significantly. Alice stated that defendant would not allow her to leave the vessel and demanded that she engage in sexual intercourse with him. She claimed that for the following four or five hours defendant held her prisoner, beat her, and attempted to penetrate her vaginally. She stated that a woman came on board at daybreak to speak to defendant about materials for the boat. While defendant went up on deck to deal with the visitor, Alice attempted to leave through a hatchway. She did not succeed as defendant pulled her down through the hatch and again attempted to rape her.

A short time later another person came to the wharf and called to defendant. The defendant responded, and Alice gathered her clothing, opened a hatch, and attempted to go out on deck. The defendant again grabbed her by the ankle and pulled her back into the cabin. Alice screamed loudly, and her cries were heard by people who were present on the wharf. One of these individuals, Dr. Paul Califano, came to the boat and found Alice huddled nude at the base of the ladder leading to an open hatch. Also Anthony Merrill, a local boatbuilder, observed Alice in this condition. She was hysterical and screaming. Doctor Califano thought that she cried out that she had been raped. Mr. Merrill recalled that she said nothing about a rape.

Alice dressed and climbed out of the boat. She was told by the yardmaster to leave the boatyard. She ran home to her apartment, whereupon her roommate called the police. The defendant was arrested. There was a considerable interval of time between the arrest and the trial, which commenced December 2, 1991. This period of approximately five years was due to the fact that defendant had fled the state while on bail. He was ultimately apprehended in New York State, from which he was not returned until he had served a sentence in that state for an unrelated offense.

In support of his appeal defendant raises two issues that will be considered in the order in which they are raised in defendant's brief.

I

## REQUESTED INSTRUCTIONS IN RESPECT TO THE DOCTRINE OF INCIDENTAL KIDNAPPING

The defendant argues that he had requested that the jury be instructed concerning the doctrine of "incidental kidnapping" as enunciated by this court in *State v. Innis*, 433 A.2d 646, 655 (R.I.1981). This court in that case, persuaded by opinions from other jurisdictions, including California, New York, and Pennsylvania, promulgated a rule that a kidnapping could not constitute a separate crime unless it had

1. This is not her real name.

independent significance and was not merely incidental to another crime. We encapsulated the rule in the following terms:

"The history of our statute and the experience of other jurisdictions suggest that conduct that was traditionally considered to be an integral element of another crime cannot be punished as kidnapping. We endorse the view expressed in *Levy* that the kidnapping statute should only be applied to 'conventional' kidnappings. To apply the wording of the statute in a literal manner would run the risk of kidnapping convictions based on trivial changes in location having 'no bearing on the evil at hand.' *See* Model Penal Code § 212.9 Comment (Tent. Draft No. 11, p. 14, 1960). Therefore, we hold that confinements that are incidental to the commission of a crime are not punishable under § 11–26–1. In order to come within the scope of that section, a confinement or imprisonment must have some independent significance. Thus, any movement of a victim during the course of a crime cannot be punished as a kidnapping unless such movement exceeds that necessary to facilitate the crime at hand. *See People v. Canale*, 52 Ill.2d 107, 285 N.E.2d 133 (1972); *People v. Levy*, 15 N.Y.2d 159, 204 N.E.2d 842, 256 N.Y.S.2d 793 (1965); *Commonwealth v. Hughes*, 264 Pa.Super. 118, 399 A.2d 694 (1979)." 433 A.2d at 655.

This rule has been reaffirmed in a number of cases. *See, e.g., State v. Taylor*, 562 A.2d 445 (R.I.1989); *State v. Barnes*, 559 A.2d 136 (R.I.1989); *State v. Lambert*, 463 A.2d 1333 (R.I.1983).

The trial justice in the case at bar recognized the doctrine of independent significance but held that this doctrine presented a question of law for the trial justice as opposed to a jury question. Although we alluded to this issue in *State v. Lambert, supra*, we did not squarely decide the question since in *Lambert* we made the *Innis* doctrine prospective only.

After having some years experience with the *Innis* doctrine, we conclude that its primary thrust is to avoid an excess of prosecutorial zeal that may cause a person to be charged with the offense of kidnapping in circumstances wherein the kidnapping is merely incidental to another offense, such as robbery, sexual assault, or the like. Essentially the curbing of prosecutorial zeal and the independent significance of a kidnapping are appropriately questions of policy and law to be determined in the first instance by the trial justice subject to review by this court.

We recognize that jurors are called upon in criminal cases to decide complex issues of fact based upon instructions given by the trial justice. Nevertheless, it is the function of jurors to decide questions of fact. It is the function of the trial justice to decide questions of law. The doctrine of independent significance does not affect the elements of the crime of kidnapping. It simply establishes an additional legal barrier to the charging process. Many states allow a person to be convicted of kidnapping whether or not the kidnapping is merely incidental to another crime. *See* Robert A. Shapiro, Annotation, *Seizure or Detention for Purpose of Committing Rape, Robbery, or Similar Offense as Constituting Separate Crime of Kidnapping*, 43 A.L.R.3d 699, 711 (1972 & Supp. 1992).

The independent-significance requirement that we promulgated in *Innis* is a judicially created rule designed to protect defendants against enhancement of offenses by the additional charge of kidnapping when the detention or asportation of the person is merely incidental to the commission of another crime. The implementation of this judicially created rule is best entrusted to the trial justice, who may weigh these complex factors in light of our prior case law. Adding this factor to the already burdensome task of jurors is neither necessary nor desirable in the carrying out of their essential role in determining the facts of the case. Consequently the trial justice did not err in declining to instruct the jury upon the independent-significance doctrine as part of his charge in respect to the offense of kidnapping. Moreover, we believe that the evidence in this case amply supports the trial justice's

finding of fact and conclusion of law that this kidnapping had independent significance. Whether or not the sexual assaults and assaults with dangerous weapons had taken place as charged, the duration of time of this kidnapping made it far more than incidental to any such attempts by defendant.

## II

### THE CROSS–EXAMINATION

■ The defendant argues that the trial justice impermissibly restricted the cross-examination of Alice in respect to her having filed an application for compensation under the Criminal Injuries Compensation Act, G.L.1956 (1981 Reenactment) chapter 25 of title 12. Our cases as well as the imperatives issued by the Supreme Court of the United States have long held that a defendant is entitled to an adequate cross-examination of all witnesses presented against him or her, including cross-examination on the issue of bias. *Davis v. Alaska,* 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974); *State v. Texter,* 594 A.2d 376 (R.I.1991); *State v. Freeman,* 473 A.2d 1149 (R.I.1984); *State v. DeBarros,* 441 A.2d 549 (R.I.1982); *State v. Anthony,* 422 A.2d 921 (R.I.1980). Such a right of cross-examination is not unlimited and may be circumscribed within reasonable parameters of relevance in the sound discretion of the trial justice. *State v. Vento,* 533 A.2d 1161 (R.I.1987); *State v. Waite,* 484 A.2d 887 (R.I.1984); *State v. Cianci,* 430 A.2d 756 (R.I.1981).

In the case at bar defendant was not foreclosed from cross-examining Alice concerning her claim under the Criminal Injuries Compensation Act. In fact a searching cross-examination was allowed on this subject. Alice testified that she had filed such a claim and had been awarded more than $13,000 from the fund prior to trial.

■ The defendant's challenge to the limitation of cross-examination is focused upon the trial justice's refusal to admit certain counseling records into evidence. These counseling records were deemed by the trial justice to be lacking in relevance and potentially misleading to the jurors. The trial justice had permitted counsel for defendant to inquire of Alice concerning the numbers of her counseling sessions, her delay in seeking counseling, and many of the details relating to her relationship or lack of relationship with the rape crisis center. It is the duty of the trial justice to determine relevance and to balance the probative value of evidence against its possible misleading effect upon the jurors. The trial justice performed this balancing function pursuant to Rule 403 of the Rhode Island Rules of Evidence. His ruling in respect to relevance will not be overturned by this court unless we find that he abused his discretion. *State v. Alger,* 545 A.2d 504 (R.I.1988); *State v. Calitri,* 459 A.2d 478 (R.I.1983). We find no abuse of discretion in the trial justice's rulings concerning the relevance of the counseling records.

■ The defendant further argues that he should have been allowed to make a detailed attack upon the documents filed in support of her claim for victim's compensation. Here again we are of the opinion that the trial justice allowed adequate cross-examination concerning the claim made under the Criminal Injuries Compensation Act and that the limitation upon cross-examination and the introduction of extrinsic evidence designed further to impeach the complaining witness's credibility was well within the discretion accorded to the trial justice. It was not required of the trial justice that he allow the civil claim to be retried within the framework of this criminal case. The limitations placed upon the defendant's cross-examination and introduction of extrinsic evidence were reasonable.

For the reasons stated, the defendant's appeal is denied and dismissed. The judgment of conviction is affirmed. The papers in the case may be remanded to the Superior Court.

LEDERBERG, J., did not participate.