### STATE

v.

### John L. THOMPSON.

### No. 95–633–C.A.

Supreme Court of Rhode Island.

Oct. 17, 1996.

Jane McSoley, Aaron Weisman, Providence.

Catherine Gibran, Paula Rosin, Providence.

### ORDER

This case came.before the Supreme Court on October 9, 1996, pursuant to an order that directed the defendant, John L. Thompson, to show cause why his appeal should not be denied and dismissed. Following a jury trial in the Superior Court, the defendant has appealed from a judgment of conviction on two counts of robbery and one count of conspiracy.

After hearing the arguments of counsel and reviewing the memoranda filed by counsel for the parties, this Court concludes that cause has not been shown, and the case will be decided at this time.

The defendant's conviction stemmed from a "carjacking" incident that occurred on the night of July 6, 1993, in the parking lot of a Providence nightclub. On appeal, defendant argued that the trial justice committed reversible error by cutting short defendant's cross-examination of Fred Jones (Jones), the victim, regarding Jones' lawsuit under the Criminal Injuries Compensation Act, G.L. 1956 Chapter 25 Title 12. The defendant was permitted, over the state's objection, to ask Jones about the lawsuit. Jones replied, "I had no intention of filing a lawsuit against defendant, it was just victim's assistance." Counsel for defendant continued this line of questioning, and Jones replied twice more that he had filed for victim's assistance.

The trial justice barred further cross-examination on this point, stating that the question had been "asked and answered." [1] At sidebar, defense counsel explained that he wished to inquire into the amount of compensation sought by Jones in the victim's assistance suit and into whether Jones believed a guilty verdict would enhance his chances for victim's assistance. We are of the opinion that the jury was given sufficient notice of

---

1. We do not regard the term "asked and answered" as an evidentiary rule. It is, rather, a shorthand method of indicating that the examination on a particular issue has become unduly repetitious. Such an expression does not assist us in evaluating the trial justice's ruling.

possible bias by being made aware of Jones' suit for victim's assistance, and that the trial justice did not err in ruling that further questioning would be cumulative. *Cf. State v. DeBarros,* 441 A.2d 549, 552 (R.I.1982) (reversible error where defense counsel permitted *no* inquiry into possible bias arising from victim's intention to sue state). Thus, we hold no reversible error was committed here.

The defendant next argued that the trial justice erred in denying his motion to suppress Jones' in-court and out-of-court identifications of defendant as overly suggestive. Although show-up identifications have been widely criticized as unduly suggestive, *see State v. Parker,* 472 A.2d 1206, 1208–09 (R.I. 1984), they do not necessarily translate into violations of due process. *See id.* at 1210 (pre-trial identification of defendant deemed independently reliable). The trial justice in this case carefully applied the five factors set out by the United States Supreme Court in *Neil v. Biggers,* 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972), for determining the reliability of pre-trial identifications. The trial justice determined that Jones had an opportunity to view the perpetrator at the time of the crime, gave a description to police immediately after the incident, identified defendant at the site where the car was located shortly after the criminal incident, and never wavered in his certainty that defendant was the perpetrator. Therefore, we hold that the trial justice did not err in denying defendant's motion to suppress the identification.

Finally, defendant argued that the trial justice improperly injected himself into the cross-examination of Jones during defendant's attempt to question the credibility and reliability of the identification. The record fails to bear out defendant's claim. During cross-examination, Jones asked if he could explain an answer. The trial justice interrupted and stated, "He wants to explain further, I think he has a right to." A trial justice may question a witness if the question "will elicit the truth and will clarify matters that may be otherwise confusing in the minds of the jurors." *State v. Evans,* 618 A.2d 1283, 1284 (R.I.1993). The trial justice afforded Jones an opportunity to clarify his

testimony and in doing so committed no error.

In conclusion, we deny and dismiss this appeal, affirm the judgment appealed from, and remand the papers in the case to the Superior Court.