**Supreme Court**

No. 2023-289-Appeal.
No. 2023-290-Appeal.
(NC 23-209)

Fernando Rodrigues et al.      :

v.              :

Gaetano Cantone.       :

# O R D E R

The defendant, Gaetano Cantone (Cantone or defendant), appeals from two Superior Court orders granting preliminary injunctive relief in favor of Klaudia Rodrigues (Klaudia) and her son (collectively, plaintiffs).[1] In accordance with Article I, Rule 18A of the Supreme Court Rules of Appellate Procedure, the *pro se* plaintiffs were defaulted for failure to file a counterstatement within the time limit set forth in Article I, Rule 12A.[2]

---

[1] Fernando Rodrigues (Fernando) is also a named plaintiff in this appeal; however, the orders from which the defendant appeals concern only plaintiffs Klaudia and her son. Moreover, to avoid confusion, we refer to the plaintiffs by their first names. Throughout this order, we refrain from referring to plaintiffs' son by his first name in order to preserve the minor child's privacy. We intend no disrespect.

[2] Despite the conditional order that would have been vacated had plaintiffs filed a counterstatement, the plaintiffs failed to file any counterstatement and remain defaulted.

This appeal came before the Supreme Court pursuant to an order directing that the parties show cause why the issues raised in this appeal should not be summarily decided. For the reasons set forth herein, we conclude that cause has not been shown and we proceed to decide the appeal at this time. We affirm the orders of the Superior Court.

The plaintiffs initiated this action on June 21, 2023, in the Superior Court, seeking a restraining order against defendant. On July 5, 2023, the parties appeared before a justice of the Superior Court for a hearing on a preliminary injunction. At the hearing, defendant was represented by counsel, and plaintiffs were *pro se*. During plaintiffs' case-in-chief, the trial justice engaged in a colloquy with Fernando and Klaudia.[3] Defense counsel also conducted a cross-examination of Fernando and Klaudia, respectively.

After hearing testimony from the parties, the trial justice issued a bench decision. The trial justice found that, based on a pending and contentious Family Court matter, Fernando "already ha[d] the protection" that he was seeking and that Fernando "failed to really demonstrate to [the Superior Court] that there was a need for an order * * *."

---

[3] In addition to seeking injunctive relief in their favor, the record is clear that Fernando and Klaudia jointly sought injunctive relief for their young son, who did not testify at the hearing.

With respect to Klaudia's motion for preliminary injunctive relief, the trial justice determined that Klaudia did "sustain[] her burden of proof." The trial justice found that a threat to Klaudia that defendant made many years ago, coupled with defendant's recent social media presence—which included following Klaudia's boyfriend's account, despite not having met him; making more threats and inappropriate comments; and sending photographs—constituted sufficient evidence to warrant injunctive relief in order to protect Klaudia and her son. Accordingly, the trial justice issued a preliminary injunction as to Klaudia and her son, and she denied injunctive relief with respect to Fernando.

On appeal, defendant submits that "[t]he trial justice erred by conducting a direct examination of Klaudia * * *." The defendant asserts that pursuant to Rule 614(B) of the Rhode Island Rules of Evidence, there are only limited circumstances in which a trial justice is permitted to interrogate a witness.[4] *See State v. Nelson*, 982 A.2d 602, 618 (R.I. 2009) (holding that the trial justice's questioning of witnesses elicited testimony that went beyond the limits of clarification and that "the defendant was prejudiced as a result of the jury hearing the trial justice essentially cross-examine [the] witness"). Thus, defendant asserts that when the trial justice questioned Fernando and acknowledged during the examination that she was "doing

---

[4] Rule 614(B) of the Rhode Island Rules of Evidence, "Calling and interrogation of witnesses by the court," states in relevant part: "The court may interrogate witnesses, whether called by itself or by a party."

way more than [she] should" in this area, the trial justice abused her discretion by exceeding the scope of permissible interrogation. We disagree.

In *Nelson*, we observed:

> "'[I]n the furtherance of justice it is sometimes proper and commendable for *a judge presiding in a jury trial* to interrogate a witness as to relevant matters proper to be presented to the jury' * * * It should be noted that in [*State v. Amaral*, 47 R.I. 245, 249-50, 132 A. 547, 549-50 (1926),] the Court was quick to add that the judge should do so with 'caution' and that he or she should take pains not to reveal or appear to reveal an opinion, such as through tone of voice." *Nelson*, 982 A.2d at 615 (brackets omitted) (emphasis added) (quoting *Amaral*, 47 R.I. at 249-50, 132 A. at 549).

Whereas here, the matter before the Court was a motion for a *preliminary injunction*—there was no trial, or jury. We therefore are of the opinion that *Nelson* is not applicable to this proceeding.

After our comprehensive review of the record, it is clear that the trial justice did not conduct an excessive or impermissible interrogation of Klaudia—to whom the trial justice ultimately granted injunctive relief. At the outset of Klaudia's testimony, the trial justice asked Klaudia to be "[v]ery general[]" with respect to describing the threats she claimed defendant made; however, it was Klaudia who offered greater detail. For example:

> "[THE COURT:] And your husband [Fernando] had referred to, I'm going to call it a falling out, it sounded like between him and [defendant], and he had said that you had been threatened about a different matter?

"[KLAUDIA:] Correct.

"[THE COURT:] What was that?

"* * *

"[THE COURT:] Very generally.

"[KLAUDIA:] Yup, and I can be very specific. [The defendant] was at our house with his wife Carrie, and in my living room he stated that if Carrie ever tried to leave him he would kill her. I then told him, '[Cantone], you can't even joke about something like that because if anything ever happened to Carrie, I will have to say that you said these things.' And [Cantone] said to me, 'If you ever say that, I will kill you too.' I was pregnant with a child, I then decided that that friendship was over."

Contrary to defendant's argument, the trial justice's comment—where she stated that perhaps she was "doing way more than [she] should"—does not reflect an abuse of discretion as to Klaudia for whom injunctive relief was granted. Importantly, the trial justice's statement was made during *Fernando's* testimony, not that of Klaudia; and, as the record demonstrates, Fernando's testimony had no bearing on the trial justice's analysis and conclusion that Klaudia's testimony met the threshold of Rule 65 of the Superior Court Rules of Civil Procedure. In fact, the trial justice also noted that based on her observations, she deemed Klaudia to be the only credible witness before her.

We also note that defendant has not directed this Court to any specific portion of Klaudia's testimony that suggests an abuse of discretion by exceeding the scope of permissible interrogation. Because the trial justice's statement challenged on appeal was made during testimony that ultimately led to the denial of Fernando's request for injunctive relief, we perceive no error.

Accordingly, we reject the defendant's argument, and we affirm the orders of the Superior Court. The papers in this case are remanded to the Superior Court.

Entered as an Order of this Court this 17th day of December, 2024.

By Order,

/s/ Meredith A. Benoit, Clerk

Clerk

Justice Lynch Prata did not participate.



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE
Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## ORDER COVER SHEET

| | | |
|---|---|---|
| **Title of Case** | Fernando Rodrigues et al. v. Gaetano Cantone. | |
| **Case Number** | No. 2023-0289-Appeal.<br>No. 2023-0290-Appeal.<br><br>(NC 23-209) | |
| **Date Order Filed** | December 17, 2024 | |
| **Justices** | Suttell, C.J., Goldberg, Robinson, and Long, JJ. | |
| **Source of Appeal** | Newport County Superior Court | |
| **Judicial Officer from Lower Court** | Associate Justice Maureen B. Keough | |
| **Attorney(s) on Appeal** | For Plaintiffs: | |
| | For Defendant:<br><br>Thomas M. Dickinson, Esq. | |