# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs February 25, 2003

## STATE OF TENNESSEE v. AUBREY A. DAVIS

**Direct Appeal from the Criminal Court for Hamilton County**
**Nos. 222161, 228105    Rebecca J. Stern, Judge**

---

## No. E2001-02194-CCA-R3-CD
### July 15, 2003

---

A jury found the defendant guilty of especially aggravated kidnapping and attempted aggravated sexual battery. The trial court sentenced him to concurrent terms of twenty-two years for the especially aggravated kidnapping and three years for the attempted aggravated sexual battery. On appeal, the defendant contends the trial court erred in allowing him to be convicted of both especially aggravated kidnapping and attempted sexual battery, since both crimes arose from a single act. Additionally, the defendant argues that the trial court erred in charging the jury as to the *mens rea* element of attempted aggravated sexual battery, erred in not suppressing a photograph identification, and erred in sentencing him to twenty-two years for the especially aggravated kidnapping. We find no errors in the trial court's rulings and affirm the judgments of the trial court on both convictions. However, we conclude the trial court misapplied aggravating and mitigating factors in sentencing the defendant for the especially aggravated kidnapping and modify the sentence accordingly.

**Tenn. R. App. P. 3. Appeal as of Right; Judgments of the Criminal Court Affirmed As Modified**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and ROBERT W. WEDEMEYER, JJ., joined.

Ardena J. Garth, District Public Defender; Donna Robinson Miller, Assistant District Public Defender (on appeal); and Charles G. Wright, Jr., Chattanooga, Tennessee (at trial), for the appellant, Aubrey A. Davis.

Paul G. Summers, Attorney General and Reporter; Mark A. Fulks, Assistant Attorney General; William H. Cox, III, District Attorney General; and John H. Millican and Thomas E. Kimball, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

**BACKGROUND/FACTS**

On the night of March 23, 1998, the victim, her mother, and her mother's friend were stranded on the side of the road after their car broke down. The defendant, Aubrey A. Davis, stopped and offered to help. The victim told the defendant that she had some necessary tools at her apartment, and subsequently, she left the scene with the defendant. After seeing a police officer, the defendant pulled into a parking lot, saying he wanted to avoid getting a ticket. At that point, according to the victim, the defendant pulled a knife on her and ordered her to the floorboard of the car. He continued to drive for approximately fifteen to twenty minutes, while the victim was crying and pleading for her release. After the fifteen or twenty minutes, the victim asked the defendant if it was sex that he was after, whereas he said he wanted a "blow job." The victim then jumped out of the moving car and got help from a nearby house.

The defendant was indicted on July 8, 1998, for especially aggravated kidnapping and attempted aggravated rape. After a jury trial, the defendant was convicted of especially aggravated kidnapping and attempted aggravated sexual battery, a lesser included offense of attempted aggravated rape. The trial court sentenced the defendant as a Range I offender to twenty-two years for especially aggravated kidnapping, a Class A felony, and three years for attempted aggravated sexual battery, a Class C felony, with sentences to run concurrently. The defendant timely appealed.

**ISSUES**

On appeal, the defendant raises the following issues:
(1) Whether the trial court erred in allowing the defendant to be convicted of *both* especially aggravated kidnapping *and* attempted aggravated sexual battery;
(2) Whether the trial court erred in instructing the jury that recklessness was sufficient to establish the *mens rea* element of attempted aggravated sexual battery;
(3) Whether the trial court erred in failing to suppress a photograph identification and the subsequent in-court identification; and
(4) Whether the trial court erred in sentencing the defendant to twenty-two years for especially aggravated kidnapping.

**CONVICTIONS FOR BOTH ESPECIALLY AGGRAVATED KIDNAPPING AND ATTEMPTED AGGRAVATED SEXUAL BATTERY**

The defendant contends he should not have been convicted of both especially aggravated kidnapping ("kidnapping") and attempted aggravated sexual battery ("attempted sexual battery") because the actions that led to the kidnapping conviction were only done for the purpose of accomplishing the sexual battery. He argues that the convictions should have merged because

"[c]learly the purpose of driving to a secluded area and holding the victim at knifepoint was to commit the accompanying sexual felony and not beyond that necessary to consummate that act."

In Tennessee, it is well established that the test for determining whether a kidnapping conviction must be merged with a conviction for another offense is "whether the confinement, movement, or detention is essentially incidental to the accompanying felony . . . or whether it is significant enough, in and of itself, to warrant independent prosecution," or "whether the defendant's conduct substantially increased the risk of harm over and beyond that necessarily present in the other offense." State v. Anthony, 817 S.W.2d 299, 306 (Tenn. 1991).

> In State v. Dixon, 957 S.W.2d 532, 533-35 (Tenn. 1997), our Supreme Court stated that Separate kidnapping convictions may violate due process when kidnapping is essentially incidental to other offenses for which a defendant has been convicted. In State v. Anthony, 817 S.W.2d 299 (Tenn. 1991), this court heard consolidated appeals and delineated the standard for determining whether kidnapping was essentially incidental to an underlying offense.
> * * *
> Anthony and its progeny, however, are not meant to provide the rapist a free kidnapping merely because he also committed rape. The Anthony decision should only prevent the injustice which would occur if a defendant could be convicted of kidnapping where the only restraint utilized was that necessary to complete the act of rape or robbery. Accordingly, any restraint in addition to that which is necessary to consummate rape or robbery may support a separate conviction for kidnapping.

Contrary to the defendant's claim that "[c]learly the purpose of driving to a secluded area and holding the victim at knifepoint was to commit the accompanying sexual felony and not beyond that necessary to consummate that act," the evidence adduced at trial does not support that proposition. Forcing the victim at knife point to get on the car floorboard and then driving her around for fifteen to twenty minutes while terrorizing her hardly qualifies as using only the restraint necessary, or merely incidental behavior, to consummate rape. Had the defendant, once he pulled the knife on the victim, immediately pulled over and attempted sexual contact, the defendant's argument would be stronger. As it stands, while time alone is not enough to determine the purpose of a confinement, it belies common sense to disregard the amount of time the victim was held against her liberty.

When an accused challenges the sufficiency of the convicting evidence, and, in this case, the defendant is challenging whether the evidence supported his kidnapping conviction, our standard of review is whether, after reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979). The trier of fact, not this court, resolves questions concerning the credibility of the witnesses, the weight and value to be given the evidence, as well as all factual issues raised by the evidence. State v. Tuttle, 914 S.W.2d 926, 932 (Tenn. Crim. App. 1995). Nor may this court reweigh or re-evaluate the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). On appeal, the State is entitled to

the strongest legitimate view of the evidence and all inferences therefrom. Id. Because a verdict of guilt removes the presumption of innocence and replaces it with a presumption of guilt, the accused has the burden in this court of illustrating why the evidence is insufficient to support the verdict returned by the trier of fact. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).

The defendant has failed to meet his burden of proving that the evidence preponderates against the trial court's determination that the evidence supported separate convictions for kidnapping and attempted sexual battery. Giving the State the strongest legitimate view of the evidence leads to the proper inferences that the victim, who was being held at knife point, was in fear for her life and had her liberty restrained. Additionally, it is a reasonable inference that the attempted sexual assault, stemming from the defendant stating that he wanted a "blow job," was distinct and separate from his original detention of the victim. While the original purpose of his detention is not clear, it is clear that if the sole purpose of the detention was to facilitate the attempted sexual assault, holding the victim for fifteen to twenty minutes before the subject of a sexual assault arose was beyond that necessary to accomplish that offense.

As our Supreme Court held in State v. Cozart, 54 S.W.3d 242, 247 (Tenn. 2001), the issue of whether a separate kidnapping conviction may be sustained is a question of law. Once a jury has convicted a defendant of both kidnapping and an accompanying felony, "Anthony requires a subsequent inquiry to determine if the dual convictions violate due process." Id. According to the evidence, there was a fifteen to twenty-minute period of confinement where the restraint was accomplished by the threat of a knife. After that period, the defendant, apparently reacting to the question from the victim about a potential sexual assault, declared that he wanted a "blow job." Accordingly, we conclude that there was no due process violation to the defendant by his conviction for especially aggravated kidnapping.

**JURY CHARGE**

The defendant contends that the trial court erred in instructing the jury regarding the elements of attempted aggravated sexual battery.

Tennessee Code Annotated section 39-13-504(a) defines aggravated sexual battery, in relevant part, as "[u]nlawful sexual contact with a victim by the defendant or the defendant by a victim accompanied by any of the following circumstances: (1) Force or coercion is used to accomplish the act and the defendant is armed with a weapon or any article used or fashioned in a manner to lead the victim reasonably to believe it to be a weapon; [or] (2) The defendant causes bodily injury to the victim."

Sexual contact is defined as including "the intentional touching of the victim's, the defendant's, or any other person's intimate parts, or the intentional touching of the clothing covering the immediate area of the victim's, the defendant's, or any other person's intimate parts, if that intentional touching can be reasonably construed as being for the purpose of sexual arousal or gratification." Tenn. Code Ann. § 39-13-501(6).

-4-

The trial court instructed the jury regarding aggravated sexual battery as follows:
Any person who commits the offense of Aggravated Sexual Battery is guilty of a crime. For you to find the defendant guilty of this offense, the state must have proven beyond a reasonable doubt the existence of the following essential elements:
(1)    the defendant had unlawful sexual contact with the alleged victim or the alleged victim had unlawful sexual contact with the defendant; and
(2)    (a) force or coercion was used to accomplish this act, and the defendant was armed with a weapon or any article used or fashioned in a manner to lead the alleged victim reasonably to believe it to be a weapon; or
       (b) the defendant caused bodily injury to the alleged victim; and
(3)    the defendant acted either intentionally, knowingly or recklessly.

Additionally, the trial court instructed the jury on the definition of "sexual contact" as follows:
"Sexual contact" includes the *intentional* touching of the alleged victim's, the defendant's, or any other person's intimate parts, or the intentional touching of the clothing covering the immediate area of the alleged victim's, the defendant's, or any other person's intimate parts, if that *intentional* touching can be reasonably construed as being for the purpose of sexual arousal or gratification (emphasis added).

The defendant contends the above charge allowed the defendant to be found guilty of attempted aggravated sexual battery by acting recklessly, as opposed to intentionally, as the definition of sexual contact includes. We disagree.

We agree with the State that the mens rea required for aggravated sexual battery is intentional conduct as that conduct refers to the "sexual contact" but that an intentional, knowing, or reckless mens rea would satisfy the requirements as to the remaining elements. See State v. Howard, 926 S.W.2d 579, 587 (Tenn. Crim. App. 1996). Tenn. Code Ann. § 39-11-301(c) (stating that if the definition of an offense within this title does not plainly dispense with a mental element, intent, knowledge, or recklessness suffices to establish the culpable mental state). The jury charge did not allow the defendant to be convicted with a finding that he acted less than intentionally as to the sexual contact. Additionally, as to the other elements of aggravated sexual battery, a reckless mens rea is sufficient. Accordingly, we conclude the jury charge as to aggravated sexual battery was not in error.

## SUPPRESSION OF PHOTOGRAPH IDENTIFICATION

The defendant contends that the trial court erred in failing to suppress a photograph identification and a subsequent in-court identification by a witness. He claims the photograph identification was unduly suggestive and, therefore, tainted. However, the defendant failed to raise this issue prior to trial. This failure to object constitutes a waiver of this issue by the defendant. See Tenn. R. App. P. 36(a).

Similarly, a review of the record reveals that the defendant failed to contemporaneously object to the alleged "tainted" in-court identification. Accordingly, this issue is also waived.

## SENTENCING

The defendant argues that the trial court erred in sentencing him to twenty-two years for especially aggravated kidnapping. Specifically, he claims that the trial court erred in its application of enhancement factors and its failure to apply mitigating factors in increasing his sentence from the midpoint of the appropriate sentencing range, twenty years, to an increased sentence of twenty-two years.

The defendant has the burden of proving the sentence imposed by the trial court is improper. Tenn. Code Ann. § 40-35-401, Sentencing Comm'n Comments; State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). It is this court's duty to conduct a *de novo* review of the record with a presumption that the trial court's determinations are correct when a defendant appeals the length, range, or manner of service of his or her sentence. Tenn. Code Ann. § 40-35-401(d). This presumption of correctness is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances. State v. Pettus, 986 S.W.2d 540, 543-44 (Tenn. 1999). Tennessee Code Annotated section 40-35-210(c) provides that the presumptive sentence for a Class A felony shall be the midpoint of the range if there are no enhancement or mitigating factors.

The defendant was sentenced as a Range I offender for a Class A felony to twenty-two years. The sentencing range for a Range I, Class A felony is fifteen to twenty-five years, making the midpoint twenty years. In sentencing, the trial court placed on the record that it considered the 1989 Criminal Sentencing Reform Act and relied on the presentence report. The trial court applied the following enhancement factors under Tennessee Code Annotated section 40-35-114:
(7) The offense involved a victim and was committed to gratify the defendant's desire for pleasure or excitement. Id. § 40-35-114(7); and (10) The defendant had no hesitation about committing a crime when the risk to human life was high. Id. § 40-35-114(10).

The State concedes that the trial court misapplied enhancement factor (10) since the victim in this case was the only one who was placed at risk due to the kidnapping. However, there is nothing in the record to indicate the trial court erred in applying factor (7), that the defendant committed the kidnapping in order to gratify his desire for pleasure or excitement (as to kidnapping only).

Indeed, this court previously held that this was a proper enhancement factor as applied to aggravated kidnapping. In State v. Gaskell, 2001 Tenn. Crim. App. LEXIS 529, at *15-16 (Tenn. Crim. App. June 26, 1991 at Knoxville) (remanded to determine if the defendant could be convicted of both kidnapping and rape), this court, in answering the question whether desire for gratification could be used as an enhancement factor, stated "[t]his factor would apply to aggravated kidnapping if it was for the purpose of pleasure or excitement. In this regard, the apparent motivation for the

kidnapping was the defendant's desire for sex and such a motivation does not exist in every kidnapping. Therefore, this factor would apply to the aggravated kidnapping." We agree that this factor is not an element of especially aggravated kidnapping and may be applied in this case since the defendant, in addition to kidnapping the victim, expressed a desire for oral sex. However, our inquiry does not end here. Because the defendant in the instant case was convicted and sentenced of both kidnapping and the sexually related offense of attempted aggravated sexual battery, we are compelled to address the unanswered question of whether the enhancing factor of gratification was already considered and applied by the three-year concurrent sentence imposed for the attempted sexual battery.

We conclude that even though the defendant was convicted of attempted sexual battery and sentenced to three years for that crime, that sentence alone does not serve to address the issue of whether the crime was attempted to gratify the defendant's desire for pleasure or excitement. Again, as this court expressed in Gaskell, "[t]o presume that rape inherently involves an offender's desire for pleasure or excitement and, thus, should be given no weight in all cases may be of doubtful validity if it is based upon a misunderstanding of the various motivations which may lead to rape." Id. at *15. While the court in Gaskell was addressing the point that just because there is a rape, that does not necessarily mean that the gratification enhancement factor cannot be used; the same principle applies in the instant case, that a separate conviction and sentence for attempted aggravated sexual battery also does not necessarily mean that the gratification enhancement factor cannot be used for the accompanying kidnapping conviction. Put simply, sexual crimes are not necessarily, and certainly not automatically, crimes that involve a defendant's seeking sexual gratification. However, it may be appropriate, as in the instant case, that a defendant convicted of a different crime and a crime of a sexual nature, may have committed the other crime due to a desire for pleasure or excitement. Accordingly, we conclude the trial court did not err in applying this enhancement factor.

**Mitigating Factors:**

In rejecting any mitigating factors, the trial court stated:
I do not find any mitigating factors apply. Nothing has been presented to me other than the fact that he doesn't have much of a criminal record other than some theft case pending and some failures to show. Everybody is presumed to be law abiding, they are supposed to be law abiding citizens. You don't get any special credit for just having abided by the law in the past. So I don't find that's a mitigating factor.

The defendant argues that the trial court erred in not considering this mitigating factor. However, while a trial court may consider the absence of a prior criminal record under the catchall provision of Tennessee Code Annotated section 40-35-113(13) (Any other factor consistent with the purposes of this chapter"), this court is not required to consider it as a mitigating factor. See State v. Williams, 920 S.W.2d 247, 261 (Tenn. Crim. App. 1995). Additionally, while the trial court addressed this issue by indicating it would not consider being law abiding as a mitigating factor, the defendant himself testified to being convicted for driving without a license, and there is evidence that he failed to appear for court dates on three occasions. Based on the foregoing, that there is no

requirement to consider a defendant's law abiding past as a mitigating factor and that in this case there was evidence of the defendant not being law abiding, we conclude the trial court did not err in failing to consider the defendant's lack of criminal history as a mitigating factor.

Finding two enhancing factors and no mitigating factors, the trial court enhanced the defendant's sentence upward from the midpoint sentence of twenty years to twenty-two years. In our view, the trial court's erroneous application of the "risk to human life is high" enhancement factor should result in a one-year reduction in the sentence for especially aggravated kidnapping.

## CONCLUSION

Accordingly, the sentence for especially aggravated kidnapping shall be modified to twenty-one (21) years, and the sentence for attempted sexual battery shall remain three years. Additionally, the sentences shall remain concurrent. Otherwise, the judgments of the trial court are affirmed.

_____

JOHN EVERETT WILLIAMS, JUDGE