# IN THE SUPREME COURT OF TENNESSEE
## AT JACKSON
April 4, 2001 Session

## STATE OF TENNESSEE v. KERMIT MAURICE COZART

**Appeal by Permission from the Court of Criminal Appeals**
**Circuit Court for Henry County**
**No. 12354     Julian P. Guinn, Judge**

---

### No. W1999-00022-SC-R11-CD - Filed August 31, 2001

---

We granted review of this case to decide whether a trial court must instruct the jury based upon this Court's holding in State v. Anthony, 817 S.W.2d 299 (Tenn. 1991). We hold that the trial court properly declined to instruct the jury that it should determine whether the confinement, movement, or detention inherent in the kidnapping was essentially incidental to the accompanying robbery. Applying the principles first enunciated in Anthony, we further hold that the dual convictions for aggravated robbery and aggravated kidnapping in this case do not violate due process. Accordingly, we affirm the judgment of the Court of Criminal Appeals.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Criminal Appeals Affirmed.**

JANICE M. HOLDER, J., delivered the opinion of the court, in which E. RILEY ANDERSON, C.J., and FRANK F. DROWOTA, III, ADOLPHO A. BIRCH, JR., and WILLIAM M. BARKER, JJ, joined.

Jim L. Fields, Paris, Tennessee, for the appellant, Kermit Maurice Cozart.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; and Patricia C. Kussman, Assistant Attorney General, for the appellee, State of Tennessee.

### OPINION

On the afternoon of August 31, 1995, Terry Dale Wilkinson was working as the manager at Essary's Service Station in Paris, Tennessee, when the defendant, Kermit Maurice Cozart, drove up to the gasoline pump. After Wilkinson pumped the gasoline for Cozart, Cozart demanded the money in Wilkinson's pocket. When Wilkinson turned to walk away, Cozart left the car, grabbed Wilkinson by the arm, and placed a gun in his ribs. Cozart forced Wilkinson into the service station at gunpoint and took both Wilkinson's wallet and seven to eight hundred dollars from the station. Cozart then locked Wilkinson in a storage room inside the station and left.

Approximately ten minutes later, Wilkinson was freed by another customer, Carolyn Cheek, who heard Wilkinson's shouts for help. Cheek unlocked the padlock on the storage room door with the keys Wilkinson gave her through a crack in the door. Cheek identified Cozart as the man she saw leaving the service station when she arrived.

Cozart gave a statement to Detective Eddie Snow of the Paris Police Department. In his statement, Cozart admitted being armed, robbing the service station, and forcing Wilkinson into the storage room. Cozart was charged with aggravated robbery and aggravated kidnapping. He pled guilty to the charges pursuant to a plea agreement and received concurrent ten-year sentences. The trial court subsequently set aside Cozart's conviction for aggravated kidnapping, finding that Cozart's attorney incorrectly advised him of his release eligibility date.

At Cozart's new trial on the aggravated kidnapping charge, he requested a special jury instruction based upon this Court's opinion in State v. Anthony, 817 S.W.2d 299 (Tenn. 1991). Cozart argued that the jury should be instructed to determine whether the confinement, movement, or detention inherent in the kidnapping was essentially incidental to the accompanying robbery. The trial court declined to charge the requested instruction. The jury found Cozart guilty of aggravated kidnapping. He was sentenced to serve ten years as a violent offender and to pay a $25,000 fine. The Court of Criminal Appeals affirmed the conviction and sentence. We granted review.

ANALYSIS

In Anthony, we recognized that a separate kidnapping conviction may violate due process when the kidnapping is essentially incidental to an accompanying felony conviction and not "significant enough, in and of itself, to warrant independent prosecution." Anthony, 817 S.W.2d at 306. The first question is whether the movement or confinement used was beyond that necessary to commit the accompanying felony. State v. Dixon, 957 S.W.2d 532, 535 (Tenn. 1997) (citing Anthony, 817 S.W.2d at 306). "If so, the next inquiry is whether the additional movement or confinement: (1) prevented the victim from summoning help; (2) lessened the defendant's risk of detection; or (3) created a significant danger or increased the victim's risk of harm." Id.

Cozart requested that the jury be given a special instruction based on this Court's holding in Anthony. The instruction requested the jury to determine if the confinement, movement, or detention inherent in the kidnapping was essentially incidental to the accompanying robbery. The trial court denied Cozart's request for the special instruction. Instead, the trial court instructed the jury on the elements of aggravated kidnapping, kidnapping, and false imprisonment.

The proper function of a special instruction is to supply an omission or correct a mistake made in the general charge, to present a material question not treated in the general charge, or to limit, extend, eliminate, or more accurately define a proposition already submitted to the jury. Chesapeake, O. & S.W.R. Co. v. Foster, 88 Tenn. 671, 13 S.W. 694, 694 (1890). Denial of a special or additional instruction is error only if the trial court's jury charge does not fully and fairly state the applicable law. State v. Bryant, 654 S.W.2d 389, 390 (Tenn. 1983); State v. Thien Duc Le, 743

S.W.2d 199, 202-03 (Tenn. Crim. App. 1987). On appeal, we review the denial of a special instruction in the context of the entire jury charge, read as a whole. See State v. Phipps, 883 S.W.2d 138, 142 (Tenn. Crim. App. 1994). We will reverse the trial court's ruling only if the jury was unfairly instructed on the legal issues or was misled regarding the applicable law. See id. After careful review of the trial court's jury charge in this case, we find that denial of the Anthony instruction was proper.

Our decision in Anthony follows the majority view that broadly-drafted kidnapping statutes were not intended to apply to unlawful restraints of the victim's liberty occurring incidentally to the commission of another crime and should be narrowly construed. Anthony, 817 S.W.2d at 305. Courts have explained that the underlying basis for this majority view is the need to protect defendants from uncurbed prosecutorial zeal, as kidnapping often carries a relatively harsh penalty in comparison to the accompanying offense. See, e.g., Virgin Islands v. Berry, 604 F.2d 221, 226 (3d Cir. 1979); People v. Daniels, 459 P.2d 225, 237 (Cal. 1969); see generally Chatwin v. United States, 326 U.S. 455, 464 (1946).

The issue of whether to specially instruct the jury on the Anthony holding is one of first impression for this Court. Other jurisdictions, however, have reached the logical conclusion that such statutory interpretation articulates a judicially created doctrine operating as a matter of law. For example, the Supreme Court of Rhode Island has interpreted its similarly broad kidnapping statute, holding that in order for there to be a separate charge of kidnapping, the confinement or imprisonment must have some "independent significance" exceeding that necessary to facilitate the underlying crime. State v. Innis, 433 A.2d 646, 655 (R.I. 1981). In State v. Warner, 626 A.2d 205, 207-208 (R.I. 1993), the court then considered the same issue as is now before us. The court held that "the curbing of prosecutorial zeal and the independent significance of a kidnapping are appropriately questions of policy and law . . . ." Id. at 208. The court pointed out that the doctrine does not affect the elements of the crime of kidnapping and is therefore not an issue of fact for the jury. Id. Instead, the doctrine establishes an additional legal barrier to the charging process. Id. The court concluded that implementation of the doctrine is a judicial function because the complex issue must be weighed in light of prior case law. Id. "Adding this factor to the already burdensome task of jurors is neither necessary nor desirable in the carrying out of their essential role in determining the facts of the case." Id.

The Supreme Court of Kentucky reached a similar conclusion. The Kentucky legislature has codified an exemption from kidnapping charges for confinement occurring incidentally to the commission of another crime. Ky. Rev. Stat. Ann. § 509.050.[1] In Calloway v. Commonwealth, 550 S.W.2d 501, 502 (Ky. 1977), the Supreme Court of Kentucky considered whether the jury should determine if the interference with the victim's liberty exceeded that which is ordinarily incidental to

---

[1]"A person may not be convicted of . . . kidnapping when his criminal purpose is the commission of [another] offense . . . and his interference with the victim's liberty occurs immediately with and incidental to the commission of that offense, unless the interference exceeds that which is ordinarily incident to commission of the offense which is the objective of his criminal purpose." Ky. Rev. Stat. Ann. § 509.050.

-3-

the commission of the other offense. The court reasoned that application of the exemption statute should not be determined by a jury "in the absence of standards by which a jury could make such a determination." Id. at 503. The court considered legislative intent and held that the purpose of the exemption statute was to curb prosecutorial misuse of the kidnapping statute to obtain more severe punishments for other offenses. Id. The court then concluded that it was a judicial function to determine whether a kidnapping charge constitutes an abuse of the statutes under the circumstances of each case. Id.

Hence, holdings similar to the Anthony holding interpret modern kidnapping statutes in an effort to curb prosecutorial zeal as a matter of policy and law. The results reached by the courts in Rhode Island and Kentucky on this issue are consistent with Tennessee cases limiting the jury's role to resolution of factual issues. Hopkins v. Nashville, Chattanooga & St. Louis Ry., 96 Tenn. 409, 34 S.W. 1029, 1040 (1896) (The province of the jury is appropriately limited to questions of fact, while questions of law should be determined by the trial judge.); see, e.g., Grove v. State, 211 Tenn. 448, 456, 365 S.W.2d 871, 874 (1963) (The voluntariness of a confession is a question of law to be determined by the trial judge; the credibility and weight given to the testimony after the confession is admitted is within the jury's province.); Town of Alamo v. Forcum-James Co., 205 Tenn. 478, 481-83, 327 S.W.2d 47, 49 (1959) (Questions of law or complicated questions of mixed law and fact are not suitable for consideration by the jury.); Nashville, Chattanooga & St. Louis R.R. Co. v. Brundige, 114 Tenn. 31, 84 S.W. 805, 805 (1905) (The degree of mental capacity required to make a valid contract is a question of law for the court; whether a party possesses the required mental capacity is a question of fact for the jury.); State v. Lewis, 36 S.W.3d 88, 94 (Tenn. Crim. App. 2000) (The jury must resolve factual disputes on the issue of whether a witness is an accomplice, but when the facts are undisputed, the issue is one of law for the trial court.); Beaty v. McGraw, 15 S.W.3d 819, 827 (Tenn. Ct. App. 1998) (The amount of damages to be awarded is a question of fact; the proper measure of damages is a question of law to be decided by the court.).

The jury's role is to determine whether the State has proved beyond a reasonable doubt the essential elements of both kidnapping and the accompanying felony. Cf. State v. Howard, 30 S.W.3d 271, 277 (Tenn. 2000). The "essentially incidental" inquiry required by Anthony is not one of the elements of the kidnapping statute.[2] It is, instead, part of a due process analysis. Anthony, 817 S.W.2d at 303. The determination of whether due process has been violated is purely a question of law. See Lowe v. State, 805 S.W.2d 368, 369 (Tenn. 1991); Billups v. Neb. Dep't of Corr. Serv. Appeals Bd., 469 N.W.2d 120, 123 (Neb. 1991) ("The determination of whether the procedures afforded an individual comport with constitutional requirements for procedural due process presents a question of law.").

---

[2]A person commits kidnapping when that person "knowingly removes or confines another unlawfully so as to interfere substantially with the other's liberty," Tenn. Code Ann. § 39-13-302; and the removal or confinement is committed "(1) Under circumstances exposing the other person to substantial risk of bodily injury; or (2) Where the confinement of another is in a condition of involuntary servitude." Tenn. Code Ann. § 39-13-303.

Moreover, the due process issue involved in Anthony does not arise until the convictions for kidnapping and the accompanying felony are rendered. We have held that permitting convictions for both kidnapping and the accompanying felony is consistent with the intent of the General Assembly. Anthony, 817 S.W.2d at 306-07. Upholding that legislative intent, we should permit the jury to return verdicts of guilty as to both felonies absent some constitutional violation. Only after those convictions have occurred, however, do we apply constitutional scrutiny. We held in Anthony that dual convictions for robbery and kidnapping do not violate double jeopardy principles. Id. at 302-03. Anthony requires a subsequent inquiry to determine if the dual convictions violate due process. The due process inquiry must necessarily occur following the jury's entry of conviction for both crimes. We therefore agree with the trial court's refusal to submit the requested Anthony instruction in this case.

Having held that the Anthony inquiry is not a jury question, we turn to the application of Anthony to the facts of this case. The Court of Criminal Appeals concluded that Cozart's dual convictions of aggravated kidnapping and aggravated robbery do not violate due process. We agree. The movement and confinement of Wilkinson was beyond that necessary to commit aggravated robbery. Dixon, 957 S.W.2d at 535. The confinement in this case both prevented the victim from summoning help and lessened the defendant's risk of detection. Id. Accordingly, the additional movement and confinement rose to a level sufficient to support both convictions.

CONCLUSION

Whether a separate charge of kidnapping is warranted when the kidnapping charge accompanies a charge of another crime is a question of law, not fact. Accordingly, the trial court properly declined to instruct the jury on the Anthony issue. We also conclude that Cozart's dual convictions of aggravated kidnapping and aggravated robbery do not violate due process. We therefore affirm the judgment of the Court of Criminal Appeals and affirm the judgment of the trial court. It appearing that Kermit Maurice Cozart is indigent, costs of this appeal are taxed to the State, for which execution may issue if necessary.

_____
JANICE M. HOLDER, JUSTICE