IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 15, 2009

## STATE OF TENNESSEE v. LARRY D. GUTHRIE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2008-B-1947     Mark J. Fishburn, Judge**

—————

**No. M2009-00787-CCA-R3-CD - Filed September 16, 2010**

—————

The appellant, Larry D. Guthrie, was convicted by a Davidson County Criminal Court Jury of delivery of less than .5 grams of cocaine, and he received a sentence of six years and one month in the Tennessee Department of Correction. On appeal, the appellant challenges the sufficiency of the evidence supporting his conviction and the trial court's denial of his request for two special jury instructions. Upon review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and JAMES CURWOOD WITT, JR., J., joined.

Jeffrey A. DeVasher (on appeal), Laura C. Dykes and Chelsea Nichols (at trial), Nashville, Tennessee, for the appellant, Larry D. Guthrie.

Robert E. Cooper, Jr., Attorney General and Reporter; Matthew Bryant Haskell, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; Shannon Poindexter and Andrea Green, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

### I.  Factual Background

The evidence adduced at trial revealed that Kevin C. Lambert was a recovering crack cocaine addict who worked as a confidential informant for the Metropolitan Police Department. On September 4, 2007, police wired Lambert's car for audio and video

recording and gave him twenty dollars to purchase drugs. Lambert drove to Second Avenue in Nashville, where he saw the appellant standing on the street.

The appellant approached Lambert's vehicle on the front passenger side. Lambert asked the appellant for "a twenty," meaning that he wanted to purchase twenty dollars' worth of crack cocaine. The appellant told Lambert to pull his car up a "bit" then went to speak with a man who was sitting on a wall nearby. Lambert saw the man give something to the appellant, and the appellant returned to Lambert's car. The appellant handed Lambert crack cocaine, and Lambert gave the appellant the money. Lambert explained that drug dealers often use addicts to take the drugs from the dealer to the buyer, and, in return, the addict is given money or drugs.

Sergeant Charles Rutsky, Detective Ronald Cumrow, and Detective Chad Holman, monitored Lambert's purchase of crack cocaine from the appellant. The officers testified that they were unable to positively identify the man from whom the appellant obtained the crack cocaine. Tennessee Bureau of Investigation Agent Brett Trotter analyzed the substance Lambert obtained from the appellant and determined that it was .1 grams of cocaine base, a schedule II drug.

Based upon the foregoing proof, the jury found the appellant guilty of the delivery of less than .5 grams of crack cocaine. On appeal, the appellant challenges the sufficiency of the evidence and the trial court's refusal to give the jury special instructions regarding casual exchange and statutory construction.

## II. Analysis

### A. Sufficiency of the Evidence

On appeal, a jury conviction removes the presumption of the appellant's innocence and replaces it with one of guilt, so that the appellant carries the burden of demonstrating to this court why the evidence will not support the jury's findings. See State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). The appellant must establish that no reasonable trier of fact could have found the essential elements of the offense beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); Tenn. R. App. P. 13(e).

Accordingly, on appeal, the State is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. See State v. Williams, 657 S.W.2d 405, 410 (Tenn. 1983). In other words, questions concerning the credibility of witnesses and the weight and value to be given the evidence, as well as all

factual issues raised by the evidence, are resolved by the trier of fact, and not the appellate courts. See State v. Pruett, 788 S.W.2d 559, 561 (Tenn. 1990).

The appellant argues that no reasonable jury could have found him guilty of delivery of crack cocaine beyond a reasonable doubt. He acknowledges that the evidence is sufficient to convict him of the lesser-included offense of casual exchange or facilitation of delivery of crack cocaine.[1]

Our criminal code provides, "It is an offense for a defendant to knowingly . . . deliver a controlled substance," such as crack cocaine. Tenn. Code Ann. § 39-17-417(a)(2) and (c)(2)(A). In the instant case, Lambert, who was working as a confidential informant, told the appellant he wanted to purchase twenty dollars' worth of crack cocaine. The appellant spoke with another man who handed something to the appellant, the appellant returned to Lambert with a rock of crack cocaine, and the appellant took Lambert's money. Testing revealed that the substance Lambert obtained from the appellant was .1 grams of crack cocaine. This proof sufficiently establishes delivery of a controlled substance. We note that casual exchange generally "contemplates a spontaneous passing of a small amount of drugs, for instance, at a party. Money may or may not be involved." State v. Copeland, 983 S.W.2d 703, 708 (Tenn. Crim. App. 1998). However, the instant facts "simply do not show a 'spontaneous' exchange." See State v. John Dillihunt, No. E2004-02691-CCA-R3-CD, 2005 WL 2045196, at *4 (Tenn. Crim. App. at Knoxville, Aug. 25, 2005). The jury was instructed on the lesser included offenses and acting in its purview, reviewed the evidence and found the appellant guilty of the delivery of crack cocaine. This issue is without merit.

## B. Jury Instructions

The appellant contends that the trial court erred in failing to grant his request for a special jury instruction regarding casual exchange. The appellant also complains that the trial court erred in failing to grant a special jury instruction regarding "legislative intent and statutory construction," which "would have instructed the jury, in effect, that the legislature deemed that delivery of a controlled substance was [an] offense of equal culpability as sale

---

[1] Tennessee Code Annotated section 39-17-418(a) provides that "[i]t is an offense for a person to knowingly possess or casually exchange a controlled substance, unless the substance was obtained directly from, or pursuant to, a valid prescription or order of a practitioner while acting in the course of professional practice."

Tennessee Code Annotated section 39-11-403(a) provides that "[a] person is criminally responsible for the facilitation of a felony, if, knowing that another intends to commit a specific felony, but without the intent required for criminal responsibility under § 39-11-402(2), the person knowingly furnishes substantial assistance in the commission of the felony."

or manufacture of the substance, and that any doubt about whether the [appellant's] actions constituted a 'delivery' under the statute be resolved in his favor."

It is well-established that a defendant has a "constitutional right to a correct and complete charge of the law." State v. Teel, 793 S.W.2d 236, 249 (Tenn. 1990). Accordingly, trial courts "should give a requested instruction if it is supported by the evidence, embodies a party's theory, and is a correct statement of the law." State v. Phipps, 883 S.W.2d 138, 150 n. 20 (Tenn. Crim. App. 1994). Moreover, this court has previously stated that "[w]e must review the entire [jury] charge and only invalidate it if, when read as a whole, it fails to fairly submit the legal issues or misleads the jury as to the applicable law." State v. Forbes, 918 S.W.2d 431, 447 (Tenn. Crim. App. 1995). A charge resulting in prejudicial error is one that fails to fairly submit the legal issues to the jury or misleads the jury about the applicable law. State v. Hodges, 944 S.W.2d 346, 352 (Tenn. 1997). Trial courts need not give requested instructions if the substance of the instructions is covered in the general charge. State v. Zirkle, 910 S.W.2d 874, 892 (Tenn. Crim. App. 1995). Generally, when a jury charge is complete without the inclusion of the special instruction, a trial court does not err in refusing to give the special instruction. See State v. Story, 608 S.W.2d 599, 603 (Tenn. Crim. App. 1980).

The appellant requested the following special instruction on casual exchange, which was derived from State v. Helton, 507 S.W.2d 117 (Tenn. 1974):

> You may consider whether the transaction was a casual exchange and was possessed not for the purpose of sale. If the [appellant] did casually exchange a controlled substance, then that transaction would constitute a misdemeanor. Money may or may not be involved. You are instructed that "exchange" means to part with, give, or transfer a substance in consideration of something received as an equivalent. "Casual" means without design.

The trial court refused to give the requested instruction and instead gave the following jury instruction, which largely comports with Tennessee Pattern Jury Instruction 31.05:

> It may be inferred from circumstances indicating a casual exchange among individuals of a small amount of controlled substances that the controlled substances so exchanged were possessed not with the purpose of selling or otherwise dispensing them.

-4-

You are instructed that "exchange" means to part with, give, or transfer a substance in consideration of something received as an equivalent.

"Casual" means without design.

The term casual exchange may include a transaction in which money is involved.[2]

The appellant argues that "the trial court erred in not granting his special jury instruction request that would have clarified that a casual exchange may or may not involve money."[3] The appellant contends that "[t]he instruction as given does not convey that casual exchange could also include a transaction wherein a defendant takes temporary possession of drugs from a drug seller, then physically transfers those drugs to a buyer in exchange for a smaller amount of drugs for himself."

The instruction as given correctly instructed the jury regarding the offense of casual exchange and is very similar to the requested instruction. The given instruction was a complete and accurate statement of the law. Therefore, the trial court did not err in denying the appellant's requested instruction. This issue is without merit.

The appellant also complains that the trial court erred in declining his request for the following special jury instruction:

When statutes address the same subject and have a common purpose, but omit something in one part but not another, then the legislature is presumed to have acted purposely. Any ambiguity or confusion of the statute should favor the [appellant].

The appellant maintains that his actions "did not rise to the level of delivery" and that the requested instruction would have effectively instructed the jury "that the legislature deemed that delivery of a controlled substance was [an] offense of equal culpability as sale or

---

[2] Tennessee Pattern Jury Instruction 31.01 contains the phrase, "The term 'casual exchange' does not exclude a transaction in which money is involved." At the appellant's request, the trial court rephrased to remove the "double negative" in the pattern instruction.

[3] On appeal, the appellant concedes that the trial court did not err in refusing to advise the jury that casual exchange is a misdemeanor. See Tenn. Code Ann. § 39-17-418(c) (providing that casual exchange is a Class A misdemeanor).

manufacture of the substance, and that any doubt about whether the [appellant's] actions constituted a 'delivery' under the statute be resolved in his favor."

"The proper function of a special instruction is to supply an omission or correct a mistake made in the general charge, to present a material question not treated in the general charge, or to limit, extend, eliminate, or more accurately define a proposition already submitted to the jury." State v. Cozart, 54 S.W.3d 242, 245 (Tenn. 2001). "Denial of a special or additional instruction is error only if the trial court's jury charge does not fully and fairly state the applicable law." Id. We have examined the jury charge as a whole, and we conclude that the jury was properly instructed on the charged offense of delivery of a controlled substance and the lesser-included offenses of casual exchange and facilitation of delivery of cocaine. This issue is merely a rehashing of the appellant's argument that his actions did not merit a conviction for delivery of cocaine nor the harsh punishment accompanying such a conviction. The trial court did not err in denying the requested instructions. This issue is without merit.

### III.  Conclusion

Finding no error, we affirm the judgment of the trial court.

_____
NORMA McGEE OGLE, JUDGE