Glenard THORNE, Petitioner–
Appellant,

v.

Jerry LESTER, Warden, Respondent–
Appellee.

No. 14–6214.

United States Court of Appeals,
Sixth Circuit.

Feb. 10, 2016.

BEFORE: BATCHELDER and GRIFFIN, Circuit Judges; CARR, District Judge.*

JAMES G. CARR, Senior District Judge.

A Tennessee jury concluded that Glenard Thorne, armed with a gun and aided by three accomplices, broke into a residential apartment, stole some recording equipment, and kidnapped and facilitated the rapes of the man and woman who lived there. *State v. Sandifer*, 2010 WL 5343202 (Tenn.Crim.App. Dec. 21, 2010). The trial court sentenced Thorne to fifty-two years' imprisonment for especially aggravated kidnapping, aggravated robbery, aggravated burglary, and facilitation of aggravated rape.

The Tennessee courts affirmed the convictions on direct appeal and rejected a collateral attack. Thorne then petitioned the district court for a writ of habeas corpus under 28 U.S.C. § 2254. The court denied relief but certified for appeal two claims challenging Thorne's kidnapping convictions. *Thorne v. Hollway*, 2014 WL 4411680 (M.D.Tenn. Sept. 8, 2014).

## I.

Thorne's first claim is that the evidence was insufficient to prove him guilty of especially aggravated kidnapping.

## A.

Tennessee law defines especially aggravated kidnapping as the offense of "false imprisonment ... [a]ccomplished with a deadly weapon[.]" Tenn.Code Ann. § 39–13–305(a)(1) (2006). False imprisonment, in turn, consists of "knowingly remov[ing] or confin[ing] another unlawfully so as to interfere substantially with the other's liberty." Tenn.Code Ann. § 39–13–302(a) (2006).

On direct appeal in state court, Thorne did not dispute that the evidence established each of these elements. Rather, he argued that the kidnappings were not legally independent of the armed robbery of the victims' apartment.

Thorne's argument rested on a line of Tennessee Supreme Court cases defining when separate convictions for kidnapping and an accompanying felony were permissible under the Tennessee Constitution's Due Process Clause. In *State v. Anthony*, 817 S.W.2d 299, 300 (Tenn.1991), the court held that separate convictions are impermissible if the "detention of the [kidnapping] victim is merely incidental to the commission of another felony[.]" Separate convictions are permissible, however, if the "movement or confinement was beyond that necessary to consummate" the accompanying felony and either "(1) prevented the victim from summoning help; (2) lessened the defendant's risk of detection; or (3) created a significant danger or increased the victim's risk of harm." *State v. Dixon*, 957 S.W.2d 532, 535 (Tenn.1997); *see also State v. Richardson*, 251 S.W.3d 438, 443 (Tenn.2008).

When Thorne went to trial in 2008, "the 'essentially incidental' inquiry required by *Anthony* [wa]s not one of the elements of the kidnapping statute,'" and thus not an issue for the jury's consideration; it was a question of law for the court to decide after the jury returned its verdict. *State v. Cozart*, 54 S.W.3d 242, 247 (Tenn.2001). In 2012, however, the Tennessee Supreme Court overruled *Anthony* and *Cozart*, holding that juries, not judges, must de-

---

* The Honorable James G. Carr, Senior United States District Judge for the Northern District of Ohio, sitting by designation.

cide whether "the removal or confinement of a victim is independently significant from an accompanying felony." *State v. White*, 362 S.W.3d 559, 578 (Tenn.2012).

## B.

The Tennessee Court of Criminal Appeals rejected Thorne's claim that the kidnappings were merely incidental to the armed robbery of the victims' apartment.

At the outset, the court observed that Thorne had not argued that "the State failed to prove the statutory elements necessary to support the convictions for especially aggravated kidnapping." *Sandifer*, 2010 WL 5343202, at *11. Relying on Criminal Appeals Rule 10(b), which states that "[i]ssues which are not supported by argument ... will be treated as waived," Tenn. R. Ct.Crim.App. 10(b), the court held that Thorne had waived any claim that the evidence was insufficient to convict.

It then explained why the kidnapping convictions were permissible under *Anthony*.

## C.

Relying on *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), Thorne asks us to grant habeas relief because there was no evidence that he, as opposed to his accomplices, moved or confined the victims. He also contends that any movement or confinement that occurred was part and parcel of the accompanying armed robbery and thus insufficient to support separate kidnapping convictions.

Thorne's claim fails for two reasons.

■ First, to the extent Thorne claims that the evidence was insufficient to show that he participated in the kidnappings, his claim is procedurally defaulted.

Thorne did not raise a sufficiency of the evidence claim on direct appeal. His argument was that the "the especially aggravated kidnapping convictions should be merged ... pursuant to *State v. Anthony*." *Sandifer*, 2010 WL 5343202, at *11. That was not an argument that the prosecution had failed to prove what the especially aggravated kidnapping statute required it to prove; it was an argument that the kidnappings the prosecution had proved were inherent in the armed robbery, such that only a conviction for the latter offense could stand. *See Anthony*, 817 S.W.2d at 303–06. The state court accordingly invoked its waiver rule and refused to consider a sufficiency of the evidence claim that Thorne had not made.

Thorne's argument that the Tennessee Court of Criminal Appeals misapplied its waiver rule lacks merit. He contends that his direct appeal brief raised a sufficiency claim, but our review of that pleading confirms what that court said: he did not. Because the state appellate court rejected Thorne's sufficiency claim on waiver grounds, and because Thorne has not argued that we can excuse his default, the claim is defaulted. *Guilmette v. Howes*, 624 F.3d 286, 290 (6th Cir.2010).

■ Second, Thorne's claim that the prosecution failed to prove that the kidnappings were legally independent of the armed robbery is not cognizable.

Habeas courts review sufficiency claims "with explicit reference to the substantive elements of the criminal offense as defined by state law." *Jackson*, 443 U.S. at 324 n. 16, 99 S.Ct. 2781. That principle is the end of Thorne's claim, because "the 'essentially incidental' inquiry required by *Anthony* is not one of the elements" of especially aggravated kidnapping. *Cozart*, 54 S.W.3d at 247. Indeed, the *Anthony* inquiry assumes "the evidence is sufficient to support" convictions for both kidnapping and

another felony, but articulates a merger rule for identifying when "principles of due process would be offended by two separate convictions." *State v. Turner*, 41 S.W.3d 663, 671 (Tenn.Crim.App.2000); *accord State v. Thomas*, 2003 WL 21233512, *3 (Tenn.Crim.App. May 28, 2003).

At bottom, then, Thorne's claim is that the state appellate court misapplied state merger rules when it held that the kidnappings were independent of the armed robbery. But habeas relief is unavailable for errors of state law, *see Estelle v. McGuire*, 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991), and this kind of "state law claim[ ] disguised as a *Jackson* claim," *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir.2002), is not cognizable in a § 2254 case. *See Powell v. Berghuis*, 560 Fed. Appx. 442, 448 (6th Cir.2013); *Jenkins v. Dailey*, 348 Fed.Appx. 114, 118–19 (6th Cir.2009).

## II.

Thorne's second claim is that trial counsel was ineffective for not requesting a jury instruction stating that the jury had to decide whether the kidnappings were incidental to the armed robbery. Thorne concedes that he defaulted this claim by omitting it from his state postconviction petition. He argues that we should excuse the default because his ineffective assistance claim is substantial, and because postconviction counsel was herself ineffective for not raising it. *See Martinez v. Ryan*, —— U.S. ——, 132 S.Ct. 1309, 1320, 182 L.Ed.2d 272 (2012).

We disagree that the claim is substantial.

At the time of Thorne's trial, a defendant had no right under Tennessee law to a jury instruction setting out the *Anthony* inquiry. That is the necessary implication of the Tennessee Supreme Court's ruling that the "essentially incidental" inquiry is

a question of law for the court to decide, not an element of kidnapping that the jury must find. *Cozart*, 54 S.W.3d at 247. It is also the holding of *Cozart*, which affirmed, for that reason, a trial court's refusal to give an *Anthony* instruction. *Id.*

Thorne's argument that federal law— specifically *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)—should have compelled counsel to request an *Anthony* instruction is unpersuasive.

*Apprendi* holds that the jury must find, beyond a reasonable doubt, any fact (besides a prior conviction) that increases a defendant's sentence beyond the statutory maximum. Thorne's case does not implicate *Apprendi*, however, because Tennessee law did not permit the trial court to increase Thorne's sentence if it found that the kidnappings were independent of the armed robbery. The facts reflected in the jury's verdict allowed the court to sentence Thorne to up to sixty years' imprisonment for each kidnapping conviction. *See* Tenn. Code Ann. § 39–13–305(b)(1) (2006); Tenn. Code Ann. § 40–35–111(b)(1)(2006). But in addressing the Anthony inquiry, the trial court would have decided only whether a conviction and sentence within that range was permissible under the Tennessee Constitution.

Counsel's "failure" to request an instruction that federal law did not require, and that state law in fact forbade, does not make for a substantial claim of ineffective assistance. *Coley v. Bagley*, 706 F.3d 741, 752 (6th Cir.2013). Therefore, we cannot excuse Thorne's default.

## III.

We have decided this case in light of Tennessee law as it stood at the time of Thorne's trial. Whether the result would have been different had Thorne gone to

trial after the Tennessee Supreme Court held that juries must decide if a kidnapping is legally independent of another felony is an issue on which we express no opinion.

For these reasons; we AFFIRM the district court's judgment.