IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
April 19, 2017 Session

**STATE OF TENNESSEE v. ALAN TERRY STEIN**

**Appeal from the Criminal Court for Davidson County**
**No. 2012-B-1528    Amanda Jane McClendon, Judge**

_____

**No. M2016-01345-CCA-R3-CD**

_____

A Davidson County Criminal Court jury convicted the Defendant, Alan Terry Stein, of driving under the influence (DUI) and driving with a blood alcohol concentration of .08 percent or more (DUI per se), and he received a sentence of eleven months and twenty-nine days, suspended to supervised probation. On appeal, the Defendant contends that the trial court erroneously instructed the jury and improperly denied his motions for special jury instructions. Upon review, we affirm the judgments of the trial court. However, we remand the case for entry of a judgment form as to count one reflecting that the Defendant's DUI conviction was merged with count two.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed and Remanded for Entry of Corrected Judgment**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and JOHN EVERETT WILLIAMS, JJ., joined.

Rob McKinney and Brittney Hollis, Nashville, Tennessee, for the Defendant-Appellant, Alan Terry Stein.

Herbert H. Slatery III, Attorney General and Reporter; Clark B. Thornton, Senior Counsel; Glenn R. Funk, District Attorney General; and Kyle Anderson, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

On June 1, 2012, the Davidson County Grand Jury indicted the Defendant for one count of DUI and one count of DUI per se. The Defendant filed several pretrial motions, including two motions requesting special jury instructions on breath alcohol tests and

field sobriety tasks. The record does not contain the court's order disposing of these two motions; however, the jury was not given the requested instructions. The case proceeded to trial where the following evidence, as relevant to this appeal, was adduced.

Officer John Patton of the Metro Nashville Police Department testified that he was on patrol on the evening of September 10, 2011, and stopped at a red light behind one or two cars at the intersection of Forth Avenue and Broadway in downtown Nashville. As Officer Patton's patrol car moved through the intersection after the light turned green, "a large dually truck began to make a left-hand turn directly in front of [Officer Patton]" from the opposite direction. Officer Patton testified that he had to "slam on [his] brakes to keep from colliding with the truck" and reverse his patrol car to allow the truck to clear the intersection and complete its left turn. After the truck turned, Officer Patton activated his blue lights to initiate a traffic stop of the truck for failure to yield the right of way and failure to maintain the lane of travel. After Officer Patton exited the car, the Defendant told Officer Patton that he had been drinking at a local bar with his two passengers. Officer Patton testified that he "smelled a faint odor of alcohol" on the Defendant's breath, that the Defendant's eyes were "a little bloodshot," and that his speech was "a little slurred." Based on this interaction, Officer Patton believed the Defendant was impaired, and a specialized DUI unit was called to the scene.

Sergeant Kristopher Mason responded to the call and testified that the Defendant was "very cooperative" and "pleasant" but had an "obvious odor" of alcohol, bloodshot and watery eyes, "very slurred speech," and "was very unsteady on his feet." Sergeant Mason administered two field sobriety tasks, the one-leg stand and the walk-and-turn, to the Defendant. The Defendant performed poorly on both tasks and, based on his observations, Sergeant Mason placed the Defendant under arrest for DUI. Sergeant Mason explained and demonstrated both field sobriety tasks for the jury.

After his arrest, the Defendant consented to take a breath alcohol test which was administered by Sergeant Mason, who was certified by the Tennessee Bureau of Investigation to operate the Intoximeter EC-IR II. Sergeant Mason identified a printout from the Intoximeter machine reflecting that the Defendant registered .141 percent on the test.

The Defendant testified that he was not impaired by alcohol at the time of his arrest. He said that, when he proceeded through the intersection of Fourth Avenue and Broadway, Officer Patton's patrol car "never moved" and that "there was no traffic going across Broadway" when he made the left turn. On cross-examination, the Defendant conceded that he had three whiskey drinks while he was at the bar. However, he

maintained that he completed the left turn before Officer Patton's patrol car moved and that there was no incident in the intersection.

At the conclusion of the proof, the Defendant was found guilty as charged. The trial court merged his DUI conviction in count one into his DUI per se conviction in count two and sentenced the Defendant to eleven months and twenty-nine days of supervised probation. The Defendant filed a motion for new trial, which was heard and denied on June 23, 2016.[1] This timely appeal followed.

## ANALYSIS

On appeal, the Defendant contends that the trial court erroneously instructed the jury on the inference of intoxication which may be drawn from a blood alcohol level over .08 percent. The Defendant also argues that the trial court improperly denied his motions for special jury instructions on breath alcohol tests and field sobriety tasks. The State responds that the trial court properly instructed the jury. Upon review, we agree with the State.

In considering these issues, we recognize that a defendant in a criminal case has a constitutional right to a correct and complete charge of the law, so that each issue of fact raised by the proof will be submitted to the jury on proper instructions. State v. Dorantes, 331 S.W.3d 370, 390 (Tenn. 2011) (citing State v. Faulkner, 154 S.W.3d 48, 58 (Tenn. 2005); State v. Farner, 66 S.W.3d 188, 204 (Tenn. 2001); State v. Garrison, 40 S.W.3d 426, 432 (Tenn. 2000)). It follows then that trial courts have a duty in criminal cases to instruct the jury on the law applicable to the facts of a case. State v. Clark, 452 S.W.3d 268, 294-95 (Tenn. 2014) (citing State v. Thompson, 285 S.W.3d 840, 842 n.1 (Tenn. 2009); State v. Burns, 6 S.W.3d 453, 464 (Tenn. 1999)). A trial court's instructions "must describe and define each element of the offense or offenses charged." Clark, 452 S.W.3d at 295 (citing Faulkner, 154 S.W.3d at 58; State v. Cravens, 764 S.W.2d 754, 756 (Tenn. 1989)). The sufficiency of jury instructions is a question of law that this court must review de novo with no presumption of correctness. Clark, 452 S.W.3d at 295 (citing State v. Hawkins, 406 S.W.3d 121, 128 (Tenn. 2013); Nye v. Bayer Cropscience, Inc., 347 S.W.3d 686, 699 (Tenn. 2011)).

When reviewing challenged jury instructions, this court must "view the instruction in the context of the charge as a whole" in determining whether prejudicial error has been committed requiring reversal. Clark, 452 S.W.3d at 295 (citing State v. Rimmer, 250

---

[1] The motion for new trial hearing transcript was not included in the record provided on appeal.

S.W.3d 12, 31 (Tenn. 2008); State v. Hodges, 944 S.W.2d 346, 352 (Tenn. 1997)). When "the instruction alone infected the entire trial and resulted in a conviction that violates due process," see State v. James, 315 S.W.3d 440, 446 (Tenn. 2010), or "when the judge's charge, taken as a whole, failed to fairly submit the legal issues or misled the jury as to the applicable law," see State v. Majors, 318 S.W.3d 850, 864-65 (Tenn. 2010), the instruction is prejudicially erroneous. Clark, 452 S.W.3d at 295.

First, the Defendant argues that the trial court erred by instructing the jury, pursuant to Tennessee Pattern Jury Instruction § 38.05, on the inference of intoxication which may be drawn from a test reflecting a blood alcohol level over .08 percent. Specifically, the Defendant argues that the instruction should have been given with the DUI per se charge in count two rather than the DUI charge in count one because the instruction "confused the jury as to the elements for [DUI]."

As an initial matter, it appears the issue is waived. The Tennessee Supreme Court has stated that "[q]uestions concerning the instructions are generally deemed to be waived in the absence of objection or special request, unless they contain plain error." Cravens, 764 S.W.2d at 757. The record does not show any objection to the instruction until the Defendant's motion for new trial. Moreover, this court cannot consider an issue under its discretionary "plain error" review where the record does not clearly establish what occurred in the trial court, and the record does not include the transcript of the trial court's instructions to the jury, the transcript from the motion for new trial hearing, or an order denying the motion for new trial which would reflect the court's reasons for giving the instruction as to DUI and not DUI per se. Accordingly, the Defendant has failed to establish all five factors required for plain error. See State v. Adkisson, 899 S.W.2d 626, 641-42 (Tenn. Crim. App. 1994) (establishing the five factors that should be considered by this court when determining whether plain error exists); see also State v. Smith, 24 S.W.3d 274, 283 (Tenn. 2000) ("[T]he presence of all five factors must be established by the record before this Court will recognize the existence of plain error, and complete consideration of all the factors is not necessary when it is clear from the record that at least one of the factors cannot be established.").

Waiver notwithstanding, the Defendant's argument is without merit. The trial court gave the following instruction, modeling Tennessee Pattern Jury Instruction § 38.05:

You have heard from the proof that at the time of the Defendant's arrest, he consented to and was given a test for the purpose of determining the alcohol content of the Defendant's blood.

- 4 -

Evidence from the test that there was, at the time alleged, eight-hundredths of one percent (.08%) or more by weight of alcohol in the Defendant's blood, creates an inference that the defendant was under the influence of such intoxicant, and that the Defendant's ability to drive was impaired.

If you find from the proof that the Defendant was found by means of a blood test to have eight-hundredths of one percent (.08%) or more by weight of alcohol in the Defendant's blood, you, the Jury, are permitted to infer that the Defendant was under the influence of such intoxicant, and that the Defendant's ability to drive was therefore impaired sufficiently to constitute a violation of the law against driving under the influence of alcohol.

However, you are never required to make this inference. It is within your province to determine whether the facts and circumstances shown by the evidence in this case warrant any inference which the law permits you to draw from any blood or breath test result. Also, the inference may be rebutted by other evidence and circumstances.

It is for you to determine, after a consideration of all the evidence, whether to make the inference which the law permits, the correctness of such inference, and what weight is to be given to such evidence.

The Defendant argues that the above instruction is "confusing" in relation to DUI and that it should have been given with the charge for DUI per se because "the elements of [DUI] have nothing to do with the defendant's blood[ ]alcohol concentration." We disagree with the Defendant's argument that the pattern jury instruction confused the jury. When read in its entirety, the jury instruction allows the jury to make an inference that the Defendant was impaired if the evidence showed that he had eight-hundredths of one percent of alcohol in his blood at the time of his arrest. The instructions continue to state that this inference "may be rebutted by other evidence and circumstances." Although the jury was allowed to consider the Defendant's blood alcohol content as to the DUI charge, the State presented other evidence of the Defendant's impairment, including testimony from Officer Patton and Sergeant Mason.

Additionally, as the State points out, the above instruction could not properly be given with the charge for DUI per se because it does not properly state the law for the offense. Tennessee Code Annotated section 55-10-401(2) states, "It is unlawful for any person to drive or to be in physical control of any automobile . . . while . . . [t]he alcohol

concentration in the person's blood or breath is eight-hundredths of one percent (.08%) or more." To convict the Defendant of DUI in count one, the jury was required to determine whether the Defendant was "[u]nder the influence" of alcohol, and his blood alcohol content was an appropriate basis for making that inference. On the other hand, to convict the Defendant of DUI per se in count two, the jury was not required to make this determination or any additional inferences. Therefore, giving the instruction as to the DUI charge was not only permissible but was, in fact, the only proper place for a reasonable inference instruction in this case. See State v. Jeff L. Courtney, No. E2001-01258-CCA-R3-CD, 2002 WL 1925599, at *4 (Tenn. Crim. App. Aug. 20, 2002) (concluding that a jury instruction pursuant to Tennessee Pattern Jury Instruction § 38.05 was not appropriate for a DUI per se charge); see also State v. Victor S. Kelly, Jr., No. 01C01-9709-CC-00429, 1999 WL 16796, at *3-4 (Tenn. Crim. App. Jan. 19, 1999) (holding that the trial court properly instructed jury on reasonable inference of intoxication as to DUI offense); see also State v. Gregory Steele, No. 01C01-9706-CC-00218, 1998 WL 161149, at *3-4 (Tenn. Crim. App. Apr. 7, 1998) (discussing inference of intoxication where blood alcohol test is over legal limit in DUI offense). Thus, potential waiver notwithstanding, the trial court's instruction did not improperly state the law or mislead the jury as to the applicable law and was not in error.

Next, the Defendant argues that the trial court erred by denying his request for two special jury instructions. The Defendant first requested the following special jury instruction based on this court's opinion in State v. Gilbert, 751 S.W.2d 454 (Tenn. Crim. App. 1988): "You have heard testimony that the accused performed [field] sobriety tasks. Field sobriety tasks are not scientific tests." The Defendant contends that the instruction was necessary because Sergeant Mason testified about field sobriety tasks. The State responds that Gilbert governs the admissibility of evidence and, since the trial court determines admissibility of evidence, "it cannot be error for the court to refuse to give an instruction drawn from Gilbert."

As to the Defendant's second issue, we again acknowledge that this issue is waived because the record does not contain the transcript of the trial court's instructions to the jury, the transcript from the motion for new trial hearing, or an order denying the motion for new trial which would reflect the court's reasoning for denial of the special jury instructions. Nevertheless, waiver notwithstanding, a review of the jury charge contained in the technical record demonstrates that the trial court correctly and completely instructed the jury on the law as it applied to the Defendant's case. Because the jury instructions fairly defined the issues of law and did not mislead the jury, the court's failure to include the special instruction was not error. See State v. Cozart, 54 S.W.3d 242, 245 (Tenn. 2001) ("Denial of a special or additional instruction is error only

- 6 -

if the trial court's jury charge does not fully and fairly state the applicable law."). Further, we agree with the State that the instruction would have required the court to improperly comment on the admissibility of the evidence. See Tenn. R. Evid. 104(a); see also Tenn. Const. art. VI, § 9 (providing that "judges shall not charge juries with respect to matters of fact, but may state the testimony and declare the law"). As in any DUI case where a defendant is given field sobriety tasks, the arresting officer, Sergeant Mason, testified about the general requirements of the field sobriety tasks and the Defendant's performance on the tasks. Additionally, as we have previously noted, the Defendant's performance on the field sobriety tasks was only one of many pieces of evidence presented to the jury regarding the Defendant's impairment. The issue is without merit.

The Defendant's second requested special jury instruction read as follows:

> The breath tests are not infallible or conclusive. The breath alcohol test merely creates a rebuttable presumption that the Defendant is under the influence of an intoxicant . . . A Defendant is free to rebut the State[']s evidence by the introduction of any relevant evidence admissible under the Tennessee Rules of Evidence. See State v. Sensing, 843 S.W.2d 412 (1992).

However, as the Defendant concedes in his brief, the trial court had already instructed the jury on the rebuttable inference of intoxication created by a breath alcohol test in Tennessee Pattern Jury Instruction § 38.05, as discussed above. Because the court correctly and completely instructed the jury on this issue as it applied to the Defendant's case, the court's failure to include this special instruction was also not in error.

Lastly, we detect errors in the entry of the judgment forms in this case. The trial court noted in the "Special Conditions" box of the DUI per se judgment form that the Defendant's DUI conviction, count one, was merged with the DUI per se conviction, count two; however, the court did not enter a separate judgment form for the DUI conviction, as required by the Tennessee Supreme Court. See State v. Berry, 503 S.W.3d 360, 364 (Tenn. 2015) ("[W]hen two jury verdicts are merged into a single conviction, the trial court should complete a uniform judgment document for each count."). Therefore, we must remand the case to the trial court for entry of a separate judgment form showing the entry of merger as to the specified count.

**CONCLUSION**

- 7 -

We affirm the judgments of the trial court but remand the case for entry of a corrected judgment as specified in this opinion.

_____
CAMILLE R. McMULLEN, JUDGE